WINSTED SAVINGS BANK AND BUILDING ASSOCIATION *vs.* URIEL SPENCER, JR.

The statute which requires that conveyances of land shall be attested by two witnesses, intends an attestation by witnesses who at the time are disinterested.

Therefore a stockholder of a private pecuniary corporation is not qualified to be an attesting witness to the execution of a deed to the corporation.

A party who has executed a deed so attested, is not estopped from denying that a legal title was thereby conveyed to the grantee.

EJECTMENT, tried on an issue closed to the court, (Superior Court, Litchfield County, November Term, 1856.) The plaintiffs, who were a private pecuniary corporation, claimed title under a mortgage deed from the defendant. To the admission of this deed in evidence the defendant objected, because one of the attesting witnesses, who was also the magistrate who took the acknowledgment of the same, was at the time of the execution a stockholder in the corporation. The plaintiffs insisted that the deed was not invalidated thereby and that if it was, the defendant was estopped from making the claim. The court sustained the objection of the defendant, and no other evidence of title being offered, rendered judgment for the defendant. The plaintiffs moved for a new trial.

*Hall* in support of the motion.

1. As a general rule a member of a body politic is now

held to be a competent witness to a deed to which the corporation is a party. 1st. This is especially true of members of public corporations, such as towns, school societies, school districts, &c. Membership here is a coercive relation not voluntary. 2d. So too, as to the members of voluntary corporations, for ecclesiastical, religious, literary and some other purposes. Such members are now held competent witnesses where the interest of the corporation is concerned. These are said sometimes to be *quasi* public corporations, but more properly, it is conceived, *quasi* private corporations. The interest of the members is often great, and the membership is voluntary. 3d. Why on principle should not this rule of competency be extended to the members of all corporations. So far as they were ever held incompetent, it was on the sole ground of interest, disqualifying them from testifying. But now by statute, all are made competent witnesses, irrespective of the nature and extent of their interest. The reason of the rule therefore has ceased to exist; and *cessante ratione cessat ipsa lex.* 1 Co Lit., 183.

2. The taking of an acknowledgment is a ministerial act. The rule excluding by reason of interest does not apply to such an act. The magistrate is not necessarily a witness at all. But if otherwise, it is but a void acknowledgment, leaving the deed operative between the parties. *Beaman* v. *Whitney*, 7 Shep., 413. *Adams* v. *Buford*, 6 Dana, 406.

3. The defendant is estopped to deny the effect of his own deed. He should not be permitted to take advantage of his own wrong, carelessness or neglect, to the injury of the plaintiffs. As between him and them, the deed should be held to be precisely what it purports to be, and what, to obtain the plaintiffs' money, he undertook and promised it should be, a valid and subsisting mortgage security for the loan obtained. To allow him to impeach his own deed would be offering a bonus to fraud. *Brown* v. *Wheeler*, 17 Conn., 345, 355. *Roe* v. *Jerome*, 18 id., 138. *Whittaker* v. *Williams*, 20 id., 98. *East Haddam Bank* v. *Shailor*, 20 id., 18. *Warner* v. *Middlesex Mut. Assurance Co.*, 21 id., 444, 450. *Buckingham* v. *Hanna*, 2 Ohio, 551.

4. A deed of real estate not attested by any witness, while it is of no effect against *bona fide* purchasers or incumbrancers, is good as against the grantor. *Voorhies* v. *Presbyterian Church*, 17 Barb., 103.

*Hubbard* and *Woodruff*, (with whom was *Goodwin*) contra.

1. The deed offered in evidence was properly rejected by the court. The plaintiffs were bound to prove a legal title, and the deed was clearly inadmissible unless it conveyed such a title. But by our statute no title can be conveyed except by a deed attested by two witnesses and duly acknowledged. This must mean by two disinterested witnesses, and acknowledged before a disinterested magistrate. The magistrate, whose duty it is to see that the deed is executed voluntarily, and under no compulsion, ought not to be in the interest of the party to whom the deed is made, in fact the party himself, as the members of a corporation are. The language used by the statute with regard to the attestation of wills is the same as that here used, and yet it has always been held that the witnesses must be disinterested. The rule that allows the members of public corporations to testify, has never been extended to the members of private pecuniary corporations. Our statute allowing persons interested to testify in court, expressly provides that the law with regard to the attestation of deeds shall not be affected. Rev. Stat., tit. 1 § 143. 1 Green. Ev., § 333. 1 Sw. Dig., 743. *Austin* v. *Bradley*, 2 Day, 466. *Smith* v. *Chapman*, 4 Conn., 344. *Stebbins* v. *Sackett*, 5 id., 258. *Carter* v. *Champion*, 8 id., 549. *Merchants Bank* v. *Cook*, 4 Pick., 405. *Davies* v. *Morris*, 17 Penn. S. R., 205. *Smith* v. *Chamberlin*, 2 N. Hamp., 440.

2. The defendant is not estopped from denying the validity of the deed. He denies nothing but that the legal title passed by the deed. He is setting up nothing inconsistent with the deed itself. The deed may be good as conveying an equitable title and this the defendant does not deny, but this will not avail the plaintiffs in their action of ejectment. 1 Sw. Dig., 123, 622. *Merwin* v. *Camp*, 3 Conn., 35. *Lins-*

*ley* v. *Brown,* 13 id., 192. *Fautelle* v. *Gilbert,* 2 T. R., 169. Chitty on Cont., (5 Am. Ed.,) 6, note.

HINMAN, J. This was an action of ejectment, tried by the court without a jury. The court was of opinion that the deed, which was the only evidence of the plaintiffs' title to the demanded premises, and which purported to have been given by the defendant to the plaintiffs, was not properly executed; it was therefore rejected as evidence of title, and the issue therefore being found for the defendant, the question is whether this ruling was correct. We think it was. The magistrate before whom the deed was acknowledged, and who was also one of the two attesting witnesses, was, at the time of the acknowledgment and attestation thereof, a stockholder in and a member of the corporation. Unless then a member of a moneyed corporation is a good witness to a deed to which the corporation is a party, the decision was without doubt correct. We put the case upon the validity of the attestation by an interested witness, rather than upon the validity of the acknowledgment, because this is entirely decisive of the case, and renders it wholly unnecessary to consider the other point, which perhaps might be attended with more difficulty.

One of the statutory requisites of a good deed of lands, is, that it shall be attested by two witnesses; and in a court of law, where the question necessarily turns upon the legal rights of the parties, rather than upon any equitable considerations, the question in an action of this sort is, has the plaintiff made out a legal title? If he claims under a deed, then obviously the deed must be such as the statute requires in order to pass the title, or it amounts to nothing in a court of law. The record of it, i. e. of an imperfect deed, is not even constructive notice to third persons of its existence. *Watson* v. *Wells,* 5 Conn., 468. The question then recurs, is a member of a private moneyed corporation a competent witness to attest the execution of a deed given to such corporation? It has not been claimed that the statute empowering parties and interested persons to testify in suits, has

any bearing upon this question, because that statute is qualified by a subsequent section, which provides that it shall not in any manner affect the law relating to the attestation of the execution of last wills and testaments, or of conveyances of real estate, or of any other instrument required by law to be attested. Rev. Stat., tit. 1, sec. 143. If then the attestation of deeds to private corporations by members thereof, was invalid previous to this statute, it can not now be otherwise. The question depends therefore upon the meaning of the statute concerning lands, which provides that the "subscribing of the name of the grantor shall be attested by two witnesses." But this is an ancient statute, and as we suppose, has by the profession always been considered as requiring that deeds should be attested by disinterested or competent witnesses ; witnesses who could testify in court in respect to the execution, upon any controversy that might arise in respect to it. In the case of *Curtiss* v. *Strong*, 4 Day, 51, the court held that where one of the three attesting witnesses to a will did not believe in the obligation of an oath, and in a future state of rewards and punishments, or any accountability for his conduct after death, the will was not properly executed, and yet the language of our statute in regard to the attestation of wills, (Rev. Stat., tit. 14, sec. 2,) merely provides that they shall be " attested by three witnesses, all of them subscribing, &c." which is substantially the same language as is used in respect to the attestation of deeds. In respect to the attestation of wills this is the settled law as it is found in the text-books. The witnesses to wills, says Judge Swift, must be competent and qualified to testify at the time of attestation. 1 Sw. Dig., 136.

Now where the language is substantially the same in respect to the attestation of wills and of deeds, it would seem that there can be no substantial reason for requiring that the witnesses shall be competent to testify at the time of attestation in the one case, which does not apply to the other also. But in respect to deeds it has been twice decided that the wife of the grantor can not be a witness. *Smith* v. *Chapman*, 4 Conn., 344. *Carter* v. *Champion*, 8 id., 549.

And we do not see any good reason for excluding the wife of one of the parties, which does not apply to any interested witness. A stockholder in a private corporation is interested in all its transactions, and of course in every conveyance to or from it. As the assets of the corporation are increased or diminished, his stock, which is the representative of a portion of the assets, is of more or less value.

But it was said that the defendant was estopped to deny the execution of the deed. If the deed had been properly executed he would be estopped to deny the plaintiffs' title under it. But he can not be estopped by deed, by any instrument that is not a deed. The statute requires certain formalities in order to transfer title to land; and where they are not complied with, the title at law remains the same as if nothing had been done. If therefore, the plaintiffs have any remedy, it must be sought for in a court of equity, as was done in the cases above cited. We are for these reasons of opinion that the superior court was correct in ruling that the instrument offered was not admissible as evidence of the plaintiffs' title to the demanded premises.

In this opinion the other judges concurred.

New trial not advised.