. DAVID O. TULLY, Appellant, *v.* ELISHA DAVIS, Appellee.

APPEAL FROM ADAMS.

An acknowledgment of a deed which has a blank space where the word · "known" usually appears in the clause "who is personally known to be the real person," etc., is fatally defective.

THIS was an action of ejectment, brought by the appellant against the appellee, in Brown Circuit Court, for the recovery of the south-west quarter of the south-west quarter of Section

four, in Township one south, Range three west of the fourth principal meridian, and removed, by change of venue, to Adams county, and placed upon the docket of the Circuit Court of that county, on the 30th of May, 1861.

Transcript from Brown county filed in Adams Circuit Court, May 30, 1861.

Declaration and plea from said Brown Circuit Court, and in the usual form, filed in Adams Circuit Court, at the time of filing the transcript.

Jury waived.

At the March term, 1862, of said court, a trial was had before SIBLEY, Judge, without a jury, and the court found the issues for defendant, and plaintiff entered a motion for a new trial. Motion was overruled, and a judgment for costs rendered against said plaintiff, on the 7th day of April, 1862, and thereupon plaintiff prayed an appeal, which was allowed on condition of plaintiff giving bond within thirty days from the date of said order, which bond was filed on the 28th of April, 1862.

Plaintiff filed his bill of exceptions, taken during the progress of said trial, which is substantially as follows:

The parties waived a jury, and submitted the case to the court by consent.

Plaintiff offered and read in evidence, without objection, a patent from the United States to Henry M. Trabue, for the south-west quarter of south-west quarter of Section four, Township one south, Range three west, conveying the same in fee to said Trabue, prior to July 14, 1834.

Plaintiff next offered in evidence a duly certified copy of a deed, with certificates thereto attached, from Henry M. Trabue to Benjamin Andrews, in due form, and conveying said land in controversy, in fee, to said Andrews, which deed is dated July 14, 1834; attached to which deed was a certificate of acknowledgment, in words and figures following, to wit:

"STATE OF ILLINOIS, } ss.
  SCHUYLER COUNTY.    }

"This day, personally appeared before the undersigned, a justice of the peace in and for said county, Henry M. Trabue, who

Tully *v.* Davis.

is personally          to said justice to be the real person who executed the foregoing deed of conveyance, and who there, before said justice, acknowledged that he signed, sealed, and delivered said deed, freely and voluntarily, for the uses and purposes therein contained. "

"Given under my hand and seal, this 14th day of July, 1834.

"WILLIS O'NEAL. [L. S.]"

Attached to said deed is also a certificate, in due form, that Willis O'Neal was, at the date of said certificate of acknowledgment, an acting justice of the peace of Schuyler county, Illinois. (Said land was in the county of Schuyler, at the date of said deed and acknowledgment.)

To the introduction of which deed defendant objected, (but made no objection on account of the same being a copy, plaintiff having fully accounted for the non-production of the original;) and the court sustained the objection, and refused to permit said deed to be read in evidence. To which opinion and decision of the court, plaintiff then and there excepted.

Plaintiff then offered to connect himself with the title of said Benjamin Andrews to said land by mesne conveyances, and rested his case.

The court thereupon found the issues joined in favor of the defendant; to which opinion and decision of the court, in finding for the defendant, plaintiff at the time excepted.

Plaintiff then entered a motion for a new trial, because said finding of the court was against the law and the evidence, and because the court excluded said copy of said deed. But the court overruled said motion, and rendered final judgment against said plaintiff.

To which opinion and decision of the court, plaintiff at the time excepted.

Appeal bond filed.

Certificate of clerk of Circuit Court.

The errors assigned are :

In excluding said deed from Henry M. Trabue to Benjamin Andrews, with accompanying certificates.

In finding issue for defendant.

Overruling appellant's motion for a new trial.

In rendering judgment against appellant for costs, and not rendering judgment for appellant for land in controversy.

GRIMSHAW & WILLIAMS, for Appellant.

The only question presented by this record is, whether the Circuit Court erred in excluding the copy of deed for the land in controversy, from Henry M. Trabue to Benjamin Andrews. It is admitted that proper foundation was laid for the introduction of a copy. The deed was acknowledged on the 14th of July, 1834, before Willis O'Neal, a justice of the peace of Schuyler county, Illinois. A certificate appears in the record of the official character of O'Neil, when he executed his certificate of acknowledgment. The land was in Schuyler county when the deed was made and acknowledgment taken. It now lies in *Brown* county, from which county the venue was changed, because the judge of Brown Circuit Court had been of counsel.

The objection to the acknowledgment of deed from Trabue to Andrews is, that the word "known" seems to have been omitted. Every other requirement of the law has been complied with. The justice states that Trabue, the grantor, personally appeared before him, that he is personally to said justice to be the real person who executed the deed, and that he acknowledged it. How could the justice state that Trabue personally appeared without the justice knew Trabue? Shall the mere omission of a word "known," in a subsequent part of the certificate, do away with the force of the statement in the certificate that Trabue personally appeared. Would it not be sticking in the bark to deprive plaintiff of the use of his title for so slight an omission.

We insist, that the deed should have been admitted, and that plaintiff should have been permitted to have connected himself with Andrews, the grantee, in that deed, as he proposed to do.

In *Pickett* v. *Doe*, 5 Smedes & Marshall, 470, the acknowledgment of a deed from a sheriff had been taken by a probate clerk; the name of the sheriff was omitted. It read, "personally appeared before me, C. G., a clerk of the probate court, in and for said county, whose name is subscribed to the within deed," and was held sufficient.

Tully *v.* Davis.

In *Phillips* v. *Ruble & Ormsby*, Littell's Select Cases, 221, a deed was acknowledged in open court, but the record did not show by whom; *held*, that the court would presume proceedings correct, and would infer that the acknowledgment was made by the parties by whom it purports to have been executed.

The word "freely" was omitted in an acknowledgment of a married woman; *held*, that the acknowledgment was good. *Merriam* v. *Harsen*, 2 Barb. Ch. 232 ; 4 Edwards Ch. 70, same case.   See also *Morse* v. *Clayton*, 13 S. & M. 373 ; *Gedges* v. *Western Bap. Theol. Inst.*, 13 B. Monroe, 530 ; *Chouteau* v. *Burland*, 20 Mis., 5 Bennett, 482.

SKINNER & MARSH, for Appellees.

I.  It does not appear from the certificate of acknowledgment of the deed from Henry M. Trabue to Benjamin Andrews, offered in evidence by plaintiff, that the maker was *known* or *proved*, in any manner to the officer, to be the person purporting to have executed the deed.

It is essential that one or the other mode of proof appear by the certificate, and whichever mode is adopted must appear from the certificate and conform to the statute.

It does not appear that the maker of the deed was *known* to the officer, nor does any other mode authorized by the law, appear from the certificate.   Purple's Statutes, p. 476, sec. 11.

II.   The word "known" cannot be supplied by intendment.   By this word an essential fact appears, which determines the mode of proof adopted, provided by statute.

Either of several words may be intended with equal propriety, as "proved," "introduced," etc., while the word "known" is the only one which will answer the purpose of the plaintiff.   *Gove* v. *Cather*, 23 Ill. 634, 641 ; *Shepherd* v. *Corriel*, 19 Ill. 313, 319 ; *Adams* v. *Bishop*, ib. 395, 398 ; *Montague* v. *Linn*, ib. 399, 401.

The statement of the officer that Trabue "personally appeared" is of no importance, until his identity is established, by being *known* to the officer, or *proved* by witness to be the party making the deed.

Tully *v.* Davis.

In either case he must personally appear, and make the acknowledgment. The officer could as well state that he " personally appeared," after his identity had been *proved* by a witness, as he could if he had known him all his life.

CATON, C. J. The only question in the case is as to the sufficiency of the following certificate of acknowledgment to a deed offered in evidence by the plaintiff:

" STATE OF ILLINOIS, } *ss.*
    SCHUYLER COUNTY,  }

" This day, personally appeared before the undersigned, a justice of the peace in and for said county, Henry M. Trabue, who is personally        to said justice to be the real person who executed the foregoing deed of conveyance, and who there, before said justice, acknowledged that he signed, sealed and delivered said deed, freely and voluntarily, for the uses and purposes therein contained.

" Given under my hand and seal, this 14th day of July, 1834.

"WILLIS O'NEAL. [L. S.]' "

The objection to the certificate is that the word *known* is omitted, after the word "personally," and in its place a blank is left ; that is to say, that the officer does not certify that he personally knew that the person who made the acknowledgment, was the grantor named in the deed. We must undoubtedly be able to learn this fact from the certificate, or it is defective. It is certainly true that the officer has not stated this fact in this certificate. It is the statement of this knowledge which he has omitted. Whether he omitted this because he had not such knowledge, or because of carelessness, we cannot know. Even if it were impossible to fill this blank with any other word or set of words, and make sense, except the word *known*, we should not be authorized so to fill the blank, for then we should do what the law has required the certifying officer to do. But it is in fact as easy to fill the blank so as to make the certificate and acknowledgment void, as to so fill it as to make them good. Who shall say that if the officer had filled the blank with a statement of the truth, he would not have inserted words negativing the fact that he had a personal knowledge of the identity of the grantor ? But the simple truth is, we have no right to fill the blank at

all.  We might as well help out any other important part of the certificate by a favorable supposition or intendment, as this.

We agree with the Circuit Court that the certificate is insufficient, and its judgment must be affirmed.

*Judgment affirmed.*