## CHARLES BLAIN
### v.
## ALEXIS RIVARD.

1. ACKNOWLEDGMENT—DEFECTIVE.—An acknowledgment which omits the word " known " is fatally defective.

2. FORECLOSURE—MORTGAGEE IN POSSESSION.—In an attempted foreclosure sale for covenants broken, which through informality or for some other reason, is ineffective to pass the legal title, the mortgagee, or his trustee subsequently in possession thereunder, will not be regarded as a trespasser, but as a mortgagee in possession, and might be required. on a bill to redeem, to account for rents and profits to the mortgagor.

3. SAME—ATTORNMENT.—In such a case where the mortgagee claimed both the right to the rents and the control of the land, and the tenant on the land made an arrangement to hold the place for another year, and paid the mortgagee the rent for the current year, the law would in such case protect the tenant against suit of the mortgagor, and make him the tenant of the mortgagee, even without direction from the mortgagor.

APPEAL from the Circuit Court of Kankakee county ; the Hon. ALFRED SAMPLE, Judge, presiding. Opinion filed June 8, 1886.

Mr. H. K. WHEELER, for appellant.

Messrs. RICHARDSON BROTHERS, for appellee.

BAKER, J. In December, 1876, Alexis Rivard executed and delivered to appellant, Charles Blain, a trust deed on a tract of land in Kankakee county, for the purpose of securing a promissory note given by said Rivard to Camille Blain. The trust

deed contained full covenants of warranty, and a covenant that the grantor would pay all taxes and assessments on the land when due and payable, and a provision that in case of default in the payment of the note and interest, or any part thereof, or of a breach of any of the agreements in the deed, then the grantee might enter into or upon the premises and receive all rents, issue and profits thereof; and it also contained a power of sale.

In 1879 the note was more than two years overdue, and no part of the principal or interest thereon had been paid, and default had been made in the payment of the taxes of 1876, 1877 and 1878; the land had been sold for the taxes of 1876, and appellant was informed by appellee that the man who had bought the land for the taxes of 1876 was about to take a deed, and that he had better see to it. In July, 1879, appellant made sale and foreclosure, or attempted sale and foreclosure, as trustee under the trust deed. On the first day of March, 1879, Rivard had leased the premises to one Xavier Fortier for a term of two years, said Fortier agreeing to pay as rent therefor two fifths of all crops raised thereon. At the time of the sale Fortier lived on the land, and continued to live there for several years, paying the rent to appellant, and in 1879 he raised a crop of corn there. Appellant was on the place three or four times during the season, and after the sale in July, and claimed to be in possession, and made arrangements with Fortier to stay another year. He claimed, and got the rent corn of 1879, as agent for his brother, Camille Blain, the beneficiary in the trust deed and purchaser at the sale made in July. The evidence of both Rivard and Fortier shows that the former directed the latter to deliver the corn to appellant, and weigh the first load, and said he would settle with appellant according to that one load. But it does not appear that appellant was advised of this conversation. This present suit was prosecuted by Rivard, against appellant, to recover the value of this rent corn of 1879, and he obtained a judgment in the circuit court for $195.

On the trial appellant laid the statutory foundation for such testimony, and offered in evidence the record of the trustee's

Blain v. Rivard.

deed from himself to Camille Blain, dated July 7, 1879, and showing sale under the power granted in the trust deed. The certificate of acknowledgment was fatally defective. Either intertionally or by accident, the word "known," had been omitted from the certificate, and consequently it did not appear therefrom that the person who made the acknowledgment was personally known to the officer to be the grantor named in the deed.

The record was properly excluded by the court from the jury. Fully v. Davis, 30 Ill. 103. Thereupon appellant was unable either to produce the original deed or make sufficient proof of its loss or destruction.

In the view we take of the case, it is unnecessary to determine whether or not there was sufficient evidence afforded by the statements and admissions contained in the bill in chancery, theretofore filed by Rivard, to establish the facts of foreclosure, and that the equity of redemption was lost, and the full legal and equitab'e title vested in Camille Blain, the *cestui que trust* in the trust deed and purchaser at the sale. If the equity of redemption was cut off, and the full ownership vested in him, then the after accruing rents belonged to him, and the rent of 1879 was properly paid to appellant, as his agent. If, on the other hand, the foreclosure sale was ineffective to pass the legal title to Camille Blain, then he, or his trustee in possession, would not be regarded as a trespasser, but as a mortgagee in possession, and might be required, on a bill to redeem, to account for rents and profits to the mortgagor. Harper et al. v. Ely et al., 70 Ill. 581. The beneficiary in the trust deed was the purchaser, and there is no pretense he had ever received his debt and interest, or the redemption money and taxes paid, or any part of any of these demands, otherwise than in his bid for the land itself. As already stated, the right of possession and the right to collect the rents were expressly given in the trust deed. His lease to Fortier was executed after the trust deed or mortgage, and the mortgagee could not by mere notice compel the tenant to pay rent to him, but he might, after condition broken, and either with or without foreclosure, treat the tenant as a trespasser, and evict him;

and to prevent such eviction, the tenant might attorn and pay rent to him. The evidence shows that appellant claimed both the right to the rents and the control of the land, and that Fortier made an arrangement with him to hold the place for another year, and also actually delivered to him the rent corn for the current year, and that too with the knowledge and consent of the mortgagor. This was an amply sufficient attorning on the part of the tenant to give appellant all the possession required in order to make him a mortgagee in possession. Even if there had been no direction from the mortgagor, yet the law would in such case protect the tenant against suit by the mortgagor. 1 Jones on Mortgages, Sec. 777.

The instructions of the court were based upon the theory that if Fortier was the tenant of appellee at the time of the delivery of the rent corn, and appellee still in possession through him as such tenant, then there was a right of recovery. We think the instructions were in this respect erroneous, and misled the jury, and occasioned the verdict that was rendered.

The mortgagee was by the contract entitled both to the possession and the rents, but one principal reason for giving him the right to take possession was in order to give him opportunity to collect the rents and apply them on the mortgage indebtedness. Under the circumstances of this case, it was wholly immaterial whether he had taken possession of the land or not, when the rent corn was hauled to him. Having the two rights, both given for his benefit, he might have waived, or temporarily postponed the enforcement of this one, and yet avail himself of the other. He might have insisted upon taking possession of the premises, and yet have permitted the mortgagor to collect and enjoy the rents. No good reason is perceived why he might not, without ejecting the tenant of the mortgagor, still claim and take the rents, provided both the mortgagor and the tenant of the mortgagor agreed thereto, or in any way permitted him so to do.

The suit was for the value of the rent corn of 1879, that had been delivered to appellant under a claim of right. No express promise to pay for it was shown, and such a promise would have been inconsistent with the claim made.

No implied promise that would justify the judgment arises out of the facts in proof. If the equity of redemption had passed out of appellee, and the title and ownership had vested in the beneficiary in the trust deed, then most assuredly the law would not imply a promise to pay the mortgagor the value of the rent corn that became due, and was collected after that. If the foreclosure was ineffective, then there can be no pretense that any part of the mortgage indebtedness had at that time been paid, and the only promise that the law, under the circumstances, would imply, would be that if the rent corn of 1879 was more than sufficient to pay the debt, interest and taxes advanced, then the mortgagee or trustee would pay the surplus to the mortgagor. But it is not claimed, and does not appear, that this rent paid the whole amount due, and left a surplus.

We are of the opinion that appellee has no cause of action. The judgment is reversed.

Reversed.