Seth Gage

v.

Hannah Wheeler.

*Filed at Ottawa June 15, 1889.*

1. Homestead — *release* — *acknowledgment* — *requisites thereof.* To make a valid release, waiver or conveyance of the homestead right as against the person entitled to the exemption or estate, the requirements of the statute, both as to the terms of the deed and the acknowledgment, must be complied with.

2. The right of homestead can only be released by an acknowledgment, in the same manner as conveyances of real estate are required to be acknowledged.

3. A mortgage or conveyance without acknowledgment may be valid to convey all other rights and interests of the grantors except the homestead right. Such right can be conveyed only by a contract acknowledged as required by the statute.

4. A husband and wife executed a chattel mortgage upon a house upon leased ground, and which was occupied by them as a homestead. The mortgage was acknowledged by both before a justice of the peace, his certificate containing the clause, "including the release and waiver of the right of homestead," but failed to show that the grantors personally appeared before the officer, or were personally known to him to be the persons making the acknowledgments: *Held,* that the certificate was fatally defective, and that the mortgage did not pass the homestead right.

5. Acknowledgments of deeds—*requisites.* Acknowledgments to conveyances of real estate can only be made when the grantors are personally known to the officer taking such acknowledgment to be the real persons in whose name such acknowledgment is proposed to be made, or shall be proved to be such by a credible witness; and the fact of such personal knowledge or proof must be stated by such officer in the certificate of acknowledgment.

Writ of Error to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. Owen T. Reeves, Judge, presiding.

Mr. H. K. Wheeler, for the plaintiff in error.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Defendant in error, Hannah Wheeler, and her husband, James Wheeler, executed, acknowledged and delivered two mortgages to plaintiff in error, on a building used as a millinery store and dwelling house in Momence. The house was on leased ground. The mortgages were in form chattel mortgages, but each contained a clause waiving the homestead right. They were each acknowledged before a justice of the peace, his certificate containing the clause, "including the release and waiver of the right of homestead," but failing to show that the grantors personally appeared before him, or were personally known to him to be the persons making the acknowledgments. This cause originated in the circuit court of Kankakee county, on bill to foreclose these mortgages. James Wheeler died before the bill was filed.

The only question raised on the record is, whether or not the acknowledgments to the mortgages are sufficient to release the estate of homestead. The circuit court held they were, and decreed in favor of the complainant. The Appellate Court reversed that decree, and by writ of error to that court the record is brought here for review.

It has been repeatedly held by this court, under statutes prescribing the mode in which the homestead exemption or estate might be released, waived or conveyed, that to make such release, waiver or conveyance effectual, as against the person entitled to the exemption or estate, the requirements of the statute, both as to the terms of the deed and the acknowledgment, must have been complied with. *Black* v. *Lusk*, 69 Ill. 70; *Kingman* v. *Higgins et al.* 100 id. 319; *McMahill et al.* v. *McMahill*, 105 id. 596. See, also, cases cited in the opinion of the Appellate Court, by SMITH, J.

It being admitted that the homestead right existed in the grantors at the time of the execution of the mortgages, it follows, that such right could only be released by an acknowledg-

ment, "in the same manner as conveyances of real estate are required to be acknowledged." (Rev. Stat. chap. 52, sec. 4.) But acknowledgments to conveyances of real estate can only be made when the grantor is personally known to the officer taking such acknowledgments to be the real person who, and in whose name, such acknowledgment is proposed to be made, or shall be proved to be such by a credible witness, and the fact of such personal knowledge or proof must be stated by such officer in the certificate of acknowledgment, (Rev. Stat. chap. 30, sec. 24,) the form of which certificate is given in section 26 of the same chapter. Here the certificates failing to show that the grantors were personally known to the officer, or that they were proved to him by a credible witness, are fatally defective. (*Tully* v. *Davis*, 30 Ill. 103; *Fell* v. *Young*, 63 id. 106; *Shephard* v. *Carriel*, 19 id. 313.) The instruments are therefore of no greater force than if no attempt had been made to acknowledge them. They may be valid to convey all other rights and interests of Hannah Wheeler in and to the property in question, without acknowledgment. Not so as to the homestead right. By the express provisions of the statute that can only be conveyed by a contract acknowledged. Until so acknowledged the contract has no binding force or effect. (*Parrott* v. *Kumpf*, 102 Ill. 426.) Other sections of the Conveyance act, cited by counsel for plaintiff in error, do not militate against this conclusion, but are in harmony with it.

The judgment of the Appellate Court is right.

*Judgment affirmed.*