THE OGDEN BUILDING AND LOAN ASSOCIATION

*v.*

ANNA MENSCH *et al.*

*Opinion filed April 16, 1902—Rehearing denied June 6, 1902.*

1. PLEADING—*when admission in answer is not binding.* An allegation in the answer to a bill to foreclose a loan association mortgage, that the defendants executed, "as security for said loan, a bond and mortgage, copies of which are annexed as exhibits to said bill of complaint," is not an admission that defendants had waived their estate of homestead in a legal manner, although both the mortgage and acknowledgment contain a clause releasing homestead, where the answer further alleges that defendants did not, in and by said mortgage, release or waive their homestead.

2. PRACTICE—*when an objection that allegation is a statement of legal conclusion cannot prevail.* An objection that an allegation in an answer to a bill to foreclose a mortgage is but a statement of a legal conclusion cannot be urged on appeal, where no objection was made to the introduction of evidence before the master tending to support such allegation, and no objections or exceptions to the master's report were made upon that ground.

3. HOMESTEAD—*what essential to create lien on homestead.* It is essential to the creation of a lien upon the homestead estate of the mortgagors, that it appear from the certificate of acknowledgment that the mortgagors acknowledged to the officer taking the acknowledgment that they have waived and relinquished their estate of homestead in the mortgaged premises.

4. MORTGAGES—*acknowledgment taken by stockholder in corporation mortgagee is void.* An acknowledgment of a mortgage to a loan association, taken by a notary public who is a stockholder in the association, is void because of his financial interest in the debt secured, and the mortgage is inoperative as to the homestead estate of the mortgagors in the mortgaged premises, but it is binding except as to the homestead estate where its execution is proved by competent evidence, independently of the acknowledgment.

5. SAME—*an acknowledgment of mortgage to corporation may be taken before officer who is not a stockholder.* An acknowledgment of a mortgage to a corporation may be taken before a notary who is a director, officer or agent of the corporation but not a stockholder.

6. SAME—*effect, as to notice, where certificate of acknowledgment is void.* If the disqualifying interest of the officer who took the acknowledgment of a mortgage is not apparent upon the face of the mortgage or certificate, the recording of the mortgage is constructive notice of the mortgage to the extent of the lien created thereby.

*Ogden Building Ass. v. Mensch,* 99 Ill. App. 67, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

JOSEPH H. MUHLKE, and SAMUEL B. KING, for appellant:

A certificate of acknowledgment is not void by reason of the fact that it was taken and certified by a stockholder of the mortgagee corporation, who was also the attorney and director thereof. *Cooper* v. *Building Ass.* 97 Tenn. 285; *Bank* v. *Conway*, 1 Hughes, 37.

The qualification, as to disinterestedness, of a notary public taking and certifying to an acknowledgment is not the same as the qualification of a judge or juror. *Lynch* v. *Livingston*, 6 N. Y. 422.

The act of a notary public taking and certifying to an acknowledgment of a deed is purely ministerial, and not judicial or *quasi* judicial. 1 Jones on Mortgages, (2d ed.) sec. 535; *People* v. *Bartels*, 138 Ill. 322.

An interested officer may perform a valid ministerial act with reference to a transaction in which he is interested. Throop on Officers, secs. 607, 614; 12 Am. & Eng. Ency. of Law, 49.

The act of an interested officer taking and certifying to the acknowledgment of a deed is valid, if no imposition is by him practiced upon the grantors, and void if imposition is practiced. *Cooper* v. *Building Ass.* 97 Tenn. 285.

Since the acknowledgment is valid upon its face, and appellees did not offer to pay appellant what they received under the mortgage, they cannot be relieved from the *prima facie* effect of the acknowledgment, because a party seeking equity must offer to do equity. *Hayes* v. *Building Ass.* 124 Ala. 663; *Grider* v. *Mortgage Co.* 99 id. 281.

The admission by appellees Mensch that the mortgage in question was executed and delivered carries with it the admission that the instrument was properly acknowl-

edged, because, since the statute requires an acknowledgment to convey the homestead, an instrument assuming to convey the homestead is not a mortgage thereof, nor does it possess any legal efficacy in relation thereto unless so acknowledged. *Parrott* v. *Kumpf*, 102 Ill. 423; *Gage* v. *Wheeler*, 129 id. 197.

Where the statute requires acknowledgment as a condition precedent to the validity of any part of an instrument the acknowledgment is a part of the execution of the instrument. *Mariner* v. *Saunders*, 5 Gilm. 113; *Mettler* v. *Miller*, 129 id. 630; *Mason* v. *Brock*, 21 id. 273; *Joseph* v. *Doherty*, 60 Cal. 358; 11 Am. & Eng. Ency. of Law, (2d ed.) 584; Anderson's Law Dict. 429.

The effect of the admission is not avoided by the denial in another part of the answer that the homestead passed, since that is a conclusion of law. *Union Coal Co.* v. *LaSalle*, 136 Ill. 119; *Kay* v. *Churchill*, 10 Abb. (N. C.) 83.

Where a certificate of acknowledgment is regular upon its face, as is the certificate in this case, an attack upon its validity for interest of the officer can only be raised by a direct proceeding showing grounds for cancellation. *Monroe* v. *Arthur*, 28 So. Rep. 476.

E. J. BATTEN, and D. K. TONE, for appellees:

An acknowledgment of a mortgage taken by an officer adversely interested is void. *Hammers* v. *Dole*, 61 Ill. 310; *Armstrong* v. *Combs*, 44 N. Y. Sup. 173; *Bank* v. *Rosenthal*, 99 Cal. 39; *Building Ass.* v. *Groves*, 96 Va. 138; *Workman's Aid Ass.* v. *Monroe*, 53 S. W. Rep. 1029; *Hayes* v. *Building Ass.* 26 So. Rep. 527; *Kothe* v. *Krag-Reynolds Co.* 20 Ind. App. 293; *Leonhard* v. *Flood*, 56 S. W. Rep. 781.

Prior to the statute abolishing the disability of witnesses a stockholder was incompetent to testify in behalf of the corporation of which he was a member, and can not now testify where the disqualification has not been removed, and therefore could not act as attesting witness for his corporation. *Consolidated Ice Machine Co.* v.

*Keifer,* 134 Ill. 481; 26 Ill. App. 468; *Thrasher* v. *Railroad Co.* 25 Ill. 393; *Winsted Savings Bank* v. *Spencer,* 26 Conn. 196; *Christiansen* v. *Towing Co.* 75 Ill. App. 267; *Ryder* v. *Railroad Co.* 13 Ill. 516.

It is not necessary that the officer taking the acknowledgment should be a party to the instrument to disqualify him from certifying to its acknowledgment. *Groesbeck* v. *Seeley,* 13 Mich. 329; *Workman's Aid Ass.* v. *Monroe,* 53 S.W. Rep. 1029; *Miles* v. *Kelly,* 40 id. 599; *Kothe* v. *Krag-Reynolds Co.* 20 Ind. App. 293; *Hayes* v. *Building Ass.* 124 Ala. 663; *Smith* v. *Clark,* 69 N.W. Rep. 1011; *Building Ass.* v. *Groves,* 96 Va. 188.

Even should the answer be held defective, appellant has waived its right to take advantage thereof by not excepting to the answer, (*Scanlan* v. *Scanlan,* 134 Ill. 630; *Stark* v. *Brown,* 101 id. 395; *Stone* v. *Moore,* 26 id. 165;) and by not objecting for that reason before the master and filing exceptions to the report in the superior court. *McClay* v. *Norris,* 4 Gilm. 370; *Brockman* v. *Aulger,* 12 Ill. 277; *Prince* v. *Cutler,* 69 id. 267; *Pennell* v. *Lamar Ins. Co.* 73 id. 303; *Brainard* v. *Hudson,* 103 id. 218.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellant association exhibited in the superior court of Cook county a bill in chancery praying for the foreclosure of a real estate mortgage executed by the appellees Anna and Michael Mensch, husband and wife, to secure a loan in the sum of $3000. Appellee George Landgraf held a mortgage on the same property, subsequently executed by the same mortgagors, to secure an indebtedness in the sum of about $300, and he was for that reason made a party defendant to the bill. He filed a cross-bill praying for the foreclosure of his mortgage. The mortgaged premises were the homestead of the mortgagors. On the hearing the chancellor ascertained and declared the amounts due the mortgagees, respectively, (as to which there was and is no controversy,) but ruled

that the lien of the mortgage given to the appellant association, though superior in point of date of execution and of recording to that of said Landgraf, did not attach, as did the lien of the mortgage to Landgraf, to the homestead estate; decreed foreclosure of both mortgages and that the mortgaged premises be sold by the master, and directed that out of the net proceeds of the sale the sum of $1000, being the value of the homestead estate, should be appropriated first, so far as necessary, to the payment of the mortgage indebtedness due to the appellee Landgraf, and that the remainder of said sum of $1000 should be paid to the appellees Anna and Michael Mensch, the mortgagors, and that the appellant association should be paid the net proceeds of the sale in excess of said $1000, so far as necessary to discharge the indebtedness due to it. The Appellate Court for the First District affirmed the decree, and the appellant association has perfected a further appeal to this court.

The mortgage given to the appellant association was acknowledged before Joseph H. Muhlke, a notary public. The said Muhlke, at the time he made the certificate that the mortgage was acknowledged before him by the said mortgagors, was the holder and owner of ten shares of the capital stock of the appellant association. He was also, at the same time, a member of the board of directors of the appellant association and was its attorney. The certificate of acknowledgment is in compliance with the provisions of sections 26 and 27 of chapter 30 of the Revised Statutes, entitled "Conveyances," and contains a clause stating that the mortgagors, and each of them, waived and relinquished all right of homestead in the mortgaged premises. In the body of the mortgage there is a clause to the effect that the mortgagors waived their right of homestead. The decree entered by the chancellor, and the affirmance thereof by the Appellate Court, were on the ground that the acknowledgment was void for the reason the notary who certified to the acknowl-

edgment was a stockholder in the association to whom the mortgage was given, and was, therefore, pecuniarily and beneficially interested in the indebtedness intended to be secured by the mortgage.

The answer of the mortgagors contained the admission that they had executed and delivered to the appellant association, "as security for said loan, a bond and mortgage, copies of which are annexed as exhibits to said bill of complaint." It is contended that the word "executed" denotes all acts of execution, including the acknowledgment of the mortgagors, and therefore this admission necessarily includes the admission that the acknowledgment to the mortgage was valid and effectual. The answer, however, further states "that defendants did not, in and by said mortgage, release or waive their right of homestead." The bill contained no express averment as to the sufficiency and legality of the acknowledgment, and the admission, especially when considered together with the further statement of the answer explicitly denying that the homestead right had been waived, cannot be regarded as an admission the respondents had waived the estate of homestead in a binding and legal manner.

It is next complained the statement in the answer "that defendants did not, in and by their said mortgage, release or waive their rights of homestead," is a mere averment of a legal conclusion, and did not warrant the introduction of evidence. On the hearing before the master to whom the cause was referred, the appellee mortgagors, without objection on the part of the appellant or suggestion of a variance, introduced testimony to prove the facts necessary to establish the existence of the homestead estate in the mortgaged premises, and to show that the notary public who certified to the acknowledgment was at the time a stockholder in the appellant company, a member of its board of directors and its attorney, and other facts which they relied upon to establish the

defense that the mortgage did not have the effect, in law, to release or waive their right of homestead. The master, in his report, found, and reported as findings of fact, that the appellee mortgagors were, at the time of the execution of the mortgage, and also at the time of the report, occupying said premises as a homestead; that the notary who took the acknowledgment was at the time a stockholder in the mortgagee association and was then financially interested in the indebtedness to be secured by the mortgage, and reported as a conclusion of law arising out of such facts that in his opinion the acknowledgment was void. The appellant association did not, in the single objection filed to the report of the master, question the propriety of the action of the master in receiving the testimony referred to, but objected only to the correctness of the legal conclusion reached by the master from the facts established by the proof, that the acknowledgment was ineffectual to create a lien upon the estate of homestead. If the appellant regarded the averments of the answer as but a mere legal conclusion and insufficient to warrant the introduction of evidence, it should have filed exceptions to the answer, or on the hearing before the master should have objected to the admission of the evidence tendered for the purpose of proving facts upon which rested that which the appellant regarded as but a mere legal conclusion. Again, opportunity to prefer that objection was offered on the coming in of the master's report. Had any such timely objection been made by the appellant association the objection might have been obviated by an amendment of the answer. Having tried the case precisely as if the defense that the notary public was disqualified to take the acknowledgment, and that for that reason the acknowledgment was void, had been formally and technically pleaded, the appellant association cannot be permitted. to shift its position and urge in this court, for the first time, objections which might have been obviated had

they been preferred in the trial court. *Cheltenham Improvement Co.* v. *Whitehead*, 128 Ill. 279; *Brainard* v. *Hudson*, 103 id. 218; *Gehrke* v. *Gehrke*, 190 id. 166; *Consolidated Coal Co.* v. *Wombacher*, 134 id. 57.

The principal object to be effectuated by the creation of the homestead estate is to protect the householder and his family in the enjoyment of a home and to secure them a shelter beyond the reach of his improvidence or financial misfortune. Considerations of sound public policy affecting the general interest were involved and contributed to the enactment of the statute by which the estate is created. Having established the specific estate for such beneficent purposes, the General Assembly deemed it essential, as a further protection to those entitled to enjoy the benefits of the estate, that the estate should not be held to pass or be lost by the mere ordinary modes of conveyance, and in this view enacted section 27 of chapter 30 of the Conveyance act, which provides that in order to be effectual to alien or encumber the homestead estate the instrument executed to accomplish either purpose must contain a clause in the body thereof, and also in the certificate of acknowledgment, expressly releasing or waiving such estate. In *Gage* v. *Wheeler*, 129 Ill. 197, we said: "It has been repeatedly held by this court, under statutes prescribing the mode in which the homestead exemption or estate might be released, waived or conveyed, that to make such release, waiver or conveyance effectual, as against the person entitled to the exemption or estate, the requirements of the statute, both as to the terms of the deed and the acknowledgment, must have been complied with." In *Leonard* v. *Crane*, 147 Ill. 52, we said (p. 57): "By the Conveyance act it is requisite that in the deed there shall be contained a clause waiving the right of homestead, and a similar clause must be contained in the acknowledgment of both the husband and wife, and the estate of homestead thus created can be relinquished only in the

196—36

mode pointed out by the statute, or by abandonment." In each of the cases from which we have quoted many other decisions of this court, all to the same effect, are cited. If, then, the notary public who certified to the acknowledgment to the mortgage in the case at bar was for any reason so disqualified or incompetent in law to take and certify to the acknowledgment of the mortgagors that they waived or relinquished the homestead that such acknowledgment is without legal effect, it is clear the chancellor and the Appellate Court correctly held that the mortgage was without efficacy to create a lien upon the estate of homestead in the premises.

The notary public was a stockholder in the association to whom the debt intended to be secured by the mortgage was payable. He was financially interested in the collection of the indebtedness to the association in proportion the value of his shares of stock in the association bore to its entire capital stock. He was directly financially interested in the validity of the lien of the mortgage on the homestead estate of the mortgagors. In the case of *Association* v. *Spencer*, 26 Conn. 195, the court said: "A stockholder in a private corporation is interested in all its transactions, and, of course, in every conveyance to and from it. As the assets of the corporation are increased or diminished, his stock, which is representative of a portion of the assets, is of more or less value." Morawetz, in his work on Private Corporations, (sec. 231,) says, that in incorporated companies the real parties in interest are the individual stockholders. In *Consolidated Ice Machine Co.* v. *Keifer*, 134 Ill. 481, and in *Albers Commission Co.* v. *Sessel*, 193 id. 153, we declared a stockholder was interested to such an extent as to disqualify him to testify in behalf of the corporation in an action against the representatives of a deceased person.

It was essential to the creation of a lien on the estate of homestead of the mortgagors that it should appear from the certificate of acknowledgment that the mort-

gagors had acknowledged to the officer taking the acknowledgment that they waived and relinquished their right or estate of homestead in the mortgaged premises. In 1 Cyc. p. 553, it is said: "Because of the probative force accorded to the certificate as well as the usually important consequences of the instrument itself, public policy forbids that the act of taking and certifying the acknowledgment should be exercised by a person financially or beneficially interested in the transaction. * * * It is the general rule that an acknowledgment taken before an interested person is void for all purposes and cannot be reformed or corrected." In a note to the text many authorities are cited in support thereof. In 1 Am. & Eng. Ency. of Law, (2d ed.) p. 493, the conclusion announced is, it is a general rule that an officer who is a party to a conveyance or interested therein may not take the acknowledgment of the grantor, and this declaration of the general rule is supported by many adjudicated cases cited in the note thereto. It has been held that an acknowledgment of an instrument taken before an officer who is a party to the instrument, or is interested, beneficially, therein, is a void acknowledgment, by the courts of last resort in Virginia, (*Davis* v. *Beasley*, 75 Va. 491; *Bowden* v. *Parrish*, 86 id. 67; *Iron Belt Building and Loan Ass.* v. *Groves*, 96 id. 138;) California, (*Merced Bank* v. *Rosenthal*, 99 Cal. 39;) Maine, (*Bearman* v. *Whitney*, 20 Me. 413;) Iowa, (*Bank* v. *Radtke*, 87 Iowa, 363; *Wilson* v. *Traer*, 20 id. 231; *Smith* v. *Clarke*, 69 N. W. Rep. 1011;) Mississippi, (*Wasson* v. *Conner*, 54 Miss. 351; *Jones* v. *Porter*, 59 id. 628;) Texas, (*Brown* v. *Moore*, 38 Tex. 645; *Miles* v. *Kelly*, 40 S.W. Rep. 599;) North Carolina, (*Long* v. *Crews*, 113 N. C. 256;) Michigan, (*Grosbeck* v. *Seeley*, 13 Mich. 329;) Alabama, (*Griffith* v. *Ventres*, 91 Ala. 366; *Hays* v. *Southern Building and Loan Ass.* 124 id. 663;) Florida, (*Bank* v. *Rivers*, 36 Fla. 575;) Nebraska, (*Horbach* v. *Tyrrell*, 67 N. W. Rep. 485;) Connecticut, (*Association* v. *Spencer*, 26 Conn. 195;) West Virginia, (*Travener* v. *Barrett*, 21 W. Va. 681;) Missouri, (*Daniel* v.

*Moore*, 51 Mo. 589;) Kansas, (*Wills* v. *Wood*, 28 Kan. 400;) and Indiana, (*Hubble* v. *Wright*, 23 Ind. 323).

In *Kothe* v. *Krag-Reynolds Co.* (Ind.) 50 N. E. Rep. 594, it was held that an acknowledgment of a mortgage to secure an indebtedness to an incorporated company taken before a notary public who was a stockholder in the incorporation was void. This decision is based, in part, upon provisions of the statute of the State of Indiana, but the question was exhaustively treated and discussed by the court irrespective of the statute, and the conclusion announced that upon principles of public policy and according to the very great weight of authority an officer who has a pecuniary interest in the debt intended to be secured by a mortgage is disqualified from certifying that the mortgage was acknowledged before him by the makers thereof. We should here acknowledge that we have been greatly aided in the examination of this question by the citation of authorities collected by the writer of the opinion in the case last referred to. The authors of various works on mortgages and chattel mortgages, so far as the question is discussed by them, declare that it is against the policy of the law that any officer who is beneficially interested in the validity and binding force of a mortgage should take and certify to the acknowledgment thereof. Herman on Chattel Mortgages, sec. 28; Jones on Chattel Mortgages, sec. 249; Pingree on Mortgages, 216.

In *Hammers* v. *Dole*, 61 Ill. 307, we held that a justice of the peace was disqualified to acknowledge a chattel mortgage to secure a debt payable to himself and others, though under the law, as it then stood, he was the only justice of the peace who could lawfully acknowledge the mortgage. We there said: "The mortgage of appellants was void as to appellees. It was acknowledged before one of the mortgagees, who was a justice of the peace. This is against the policy of the law. An officer should not be permitted to perform either a ministerial or a

judicial act in his own behalf." In *Darst* v. *Gale*, 83 Ill. 136, the validity of an acknowledgment to a trust deed taken by an officer who was named as one of the trustees was involved, and we there said (p. 143): "The acknowledgment was taken by Grove, one of the parties named as trustees. This unquestionably rendered the deed void as to him, but we fail to comprehend how it adversely affected the deed as to the other trustees. He and they had no community of interest, and his becoming disqualified had no tendency to disqualify them." In 1 Cyc. p. 555, upon the authority of a number of adjudicated cases there cited, the author of the article on "Acknowledgments" declares the rule as follows: "The acknowledgment of an instrument in which a corporation is interested, financially, cannot be taken by a stockholder in such corporation." In *Iron Belt Building and Loan Ass.* v. *Groves*, (Va.) *supra, Merced Bank* v. *Rosenthal*, (Cal.) *supra, Hays* v. *Southern Building and Loan Ass.* (Ala.) *supra, Smith* v. *Clarke*, (Iowa) *supra, Miles* v. *Kelly*, (Tex.) *supra*, and *Bank* v. *Rivers*, (Fla.) *supra*, acknowledgments taken by officers who were also stockholders in corporations who were the grantees or mortgagees in the instruments so purported to be acknowledged, were held to be void, on the ground the officers taking the acknowledgments were disqualified to take the same by reason of their interest as holders of shares of the capital stock of the corporations.

The cases of *Cooper* v. *Hamilton Building and Loan Ass.* 97 Tenn. 285, *National Bank* v. *Conway*, 17 Fed. Cas. 1202, *Holton* v. *Col. Building Ass.* 6 Cin. Law Bull. 141, and *Lynch* v. *Livingston*, 6 N. Y. 422, are relied upon to support the view that an officer is not disqualified, by reason of interest, to take and certify an acknowledgment to a deed or mortgage. The ground of the decisions in the cases so relied upon, except that of the Supreme Court of Tennessee, is, that the act of taking an acknowledgment is ministerial only, and that an interested person is not disqualified from discharging a mere ministerial act.

The Supreme Court of Tennessee, in the decision referred to, regards the act of taking an acknowledgment as a judicial or *quasi* judicial act, and, though it declares acknowledgments taken before officers who are interested in the instrument "are contrary to public policy and by no means to be encouraged, and while the practice, which has become so prevalent, should be discountenanced and discouraged," still holds such acknowledgments should not be declared to be *per se* void, but, to quote again from the opinion of the court, "are open to attack, and the court will lend a ready ear to evidence of undue advantage, fraud or oppression arising out of the fact of such relationship or interest in the officer taking the acknowledgment." In the position thus assumed it is believed the Supreme Court of the State of Tennessee stands alone. The case is probably an exemplification of the adage that "hard cases make bad precedents." As to the contention advanced by the other of such cases, that acknowledgments of the character under consideration may be upheld on the ground they are ministerial acts only, it is only necessary to say these cases seem to stand opposed to an overwhelming current of adverse authority and to the better reasoning upon the point. Nor can such view be harmonized with the ruling of this court in *Snydacker* v. *Brosse*, 51 Ill. 357, and *O'Conner* v. *Wilson*, 57 id. 226, that an officer cannot legally perform the merely ministerial act of executing process in a case in which he is interested, nor the expression of this court in *Hammers* v. *Dole, supra*, heretofore quoted, that "the mortgage of appellants was void as to appellees. It was acknowledged before one of the mortgagees, who was a justice of the peace. This is against the policy of the law. An officer should not be permitted to perform either a ministerial or a judicial act in his own behalf."

The probative force which this court has declared shall be accorded to the certificate of the acknowledgment of the execution of a deed or mortgage affords a

most convincing reason for the maintenance and enforcement of the rule that one beneficially and financially interested in the validity of the deed or mortgage is not qualified to certify that it has been lawfully acknowledged. We have frequently announced that public policy and the security of titles to land require that the official certificate of the due execution of a deed or mortgage shall (in the absence of fraud, collusion or imposition,) prevail over the unsupported testimony of the makers of the instrument. (*Lickmon* v. *Harding*, 65 Ill. 505; *Russell* v. *Baptist Theological Union*, 73 id. 337; *Brady* v. *Cole*, 164 id. 116; *Tuschinski* v. *Metropolitan West Side Elevated Railroad Co.* 176 id. 420.) In *Russell* v. *Baptist Theological Union, supra,* we said (p. 341): "It is a rule that the acknowledgment of a deed cannot be impeached for anything but fraud, and in such cases the evidence must be clear and convincing beyond a reasonable doubt; and whilst the making of a false certificate would be a fraud on the party against whom it is perpetrated, there is in favor of the officer the fact that he is under his official oath when he grants the certificate, and the liability to indictment, conviction and infamy is certainly as strong incentive to truthful and honest action as is the restraint imposed on an interested witness, struggling for the gain following success in a suit and escaping loss by defeat. Hence the mere evidence of the party purporting to have made the acknowledgment cannot overcome the officer's certificate. Nor will it be with slight corroboration." In *Brady* v. *Cole, supra,* we declared (p. 122): "It is a rule that the acknowledgment of a deed can not be impeached for anything but fraud, and in such cases the evidence must be clear and convincing, beyond a reasonable doubt. The mere evidence of the party purporting to have made the acknowledgment cannot overcome the officer's certificate, nor will it with slight corroboration. (*Russell* v. *Baptist Theological Union*, 73 Ill. 337.) 'To impeach such a certificate the evidence should

do more than produce a mere preponderance against its integrity in the balancing of probabilities. It should, by its completeness and reliable character, fully and clearly satisfy the court that the certificate is untrue and fraudulent.' (*Monroe* v. *Poorman,* 62 Ill. 523; *McPherson* v. *Sanborn,* 88 id. 150; *Marston* v. *Brittenham,* 76 id. 611.) The authorities very clearly lay down the rule that evidence offered to impeach a certificate of this character must fully and clearly satisfy the court that the certificate of the officer is false and fraudulent, and even a preponderance of evidence less than sufficient to establish a moral certainty to that effect is not sufficient."

The rule of public policy which accords such a high degree of credit to the certificate of acknowledgment of the execution of a deed or mortgage, and which exalts the official certificate of the officer so far above the sworn testimony of the parties who it is made to appear by the certificate have acknowledged the instrument, has its foundation in the other rule, which must control in the decision of this case, that an officer, in order to be deemed qualified to make a certificate of acknowledgment of such dignity, weight and importance to the public and to the parties to the instrument to be acknowledged, shall have had no personal pecuniary interest to be subserved by the execution and acknowledgment of the instrument. The intention of the law is, the certificate of acknowledgment shall be the official act of a disinterested officer. The certificate of acknowledgment of the execution of the mortgage here under consideration, and that the mortgagors had waived and relinquished their right and estate of homestead, was properly held to be void for the reason the notary public was, because of his financial interest in the debt to be secured by the mortgage, disqualified to discharge the official duty of certifying to the acknowledgment thereof.

It is well, as it seems to us, to here remark that an attorney or agent of a party who is beneficially inter-

ested in a deed or mortgage, or one who is a director or other officer, or an agent, but not a stockholder, in a corporation which is interested in the instrument to be acknowledged, is not disqualified to take and certify to an acknowledgment in an official capacity. 1 Cyc. p. 555; *Horbach* v. *Tyrrell, supra.*

The execution of the mortgage to the appellant company was proven by competent evidence independently of the acknowledgment, and was valid as between the parties to it except as to the homestead estate. (*Roane* v. *Baker,* 120 Ill. 308.) The disqualifying interest of the notary public was not apparent on the face of the mortgage or the certificate of acknowledgment thereof, and the registration and recording thereof was effectual to charge the appellee Landgraf with constructive notice of the mortgage. (1 Cyc. pp. 530, 553.)

The decree is affirmed.
　　　　　　　　　　　　　　　　　　　　*Decree affirmed.*