JOHN DOE, *ex dem* JAMES SEMPLE, appellant, *v.* STEPHEN W. MILES, appellee.

*Appeal from Monroe.*

A deed is valid, as between the parties to it, without being acknowledged and recorded ; and in an action between them, a court has no right to assume that there is a subsequent purchaser or mortgagee, so as to render it fraudulent and void under the statute.

A deed, acknowledged before a justice of the peace, is entitled to be recorded only in the county where the justice resides, and the land lies, unless the certificate of the clerk of the county is appended to it.

THIS cause was tried in the Court below at the September term, 1835, before the Hon. Sidney Breese.

A. COWLES and J. M. KRUM, for the appellant, cited 1 Dallas

(1) 3 Kent Com. 89.
(2) 1 Tuck. Com. 155; 2 Taunt. 374, 337; Doug. 633, 634 ; 3 Johns. C. 264; 11 Johns. 52.

64; 4 Cruise 27, 28, 30; 2 Day 280; 1 Chipman 99; 1 Am. Dig. 142 § 4, 148 § 1, 2; 2 Am. Dig. 212 § 4.

J. B. Thomas and J. Reynolds, for the appellee.

Lockwood, Justice, delivered the opinion of the Court: (1)

This was an action of *ejectment* commenced in the Monroe Circuit Court, by Doe, on the demise of Semple, against Miles, to recover the possession of the south fractional half of section twenty-three, in township two south, range eleven west of the third principal meridian. On the trial of the cause, the plaintiff offered to prove the execution of a deed made on the 9th day of July, 1821, by Elias Bancroft to William Rector, for the premises in question, and then to read it to the jury, which was objected to by the defendant's counsel, and the objection sustained by the Court.

The plaintiff also offered to prove by witnesses, that Thomas Osborn was a justice of the peace of St. Clair county, in 1826, at which time he took the acknowledgment of a deed from Wm. Rector to Nelson Pepper, for the premises in question; and then to read said deed in evidence to the jury; which evidence thus offered, was objected to by the defendant, and the objection sustained, and therefore the plaintiff submitted to a nonsuit. The assignment of errors questions the correctness of the decisions of the Court below, in rejecting the evidence offered to prove the execution of the two deeds. It does not appear from the bill of exceptions, on what grounds the Court below rejected the plaintiff's evidence. In relation to the deed from Bancroft to Rector, it seems from the written brief, that the evidence was rejected because the deed was not acknowledged and recorded as is required by the 8th section of the act establishing the recorder's office, and for other purposes, passed 19th Febuary, 1819.

This section provides, after directing in what manner deeds relating to real estate shall be acknowledged, that all such deeds shall be recorded in the recorder's office of the county where the lands shall lie, within twelve months after the execution of such deeds; "and every such deed or conveyance that shall at any time after the publication hereof, be made and executed, and shall not be proved and recorded as aforesaid," shall be adjudged fraudulent and void against any subsequent purchaser or mortgagee, for valuable consideration, unless such deed or conveyance be recorded as aforesaid, before the proving and recording of the deed of conveyance, under which such subsequent purchaser or mortgagee shall claim."

If the evidence was rejected for the reason supposed, the Court erred. The deed was valid, as between the parties to it, without

(1) Wilson, Chief Justice, was not present at the argument of this cause.

being acknowledged and recorded, and the Court had no right to assume that there was a subsequent purchaser or mortgagee, so as to render it fraudulent and void under the statute. We are consequently of the opinion, that the evidence of the execution of the deed ought to have been received by the Court; and if subsequent testimony rendered the deed void, it should then have been rejected, or the jury instructed to disregard it.

The evidence offered to prove that Osborn was a justice of the peace of St. Clair county, was correctly overruled. The 8th section of the act before referred to, authorizes deeds to be acknowledged or proved before some justice of the peace of the county where the deed was executed. But by the 12th section of said act, it is declared lawful for any justice of the peace of any county of this State, to take the acknowledgment or proof of deeds, of any lands being in any other county of this State, which acknowledgment or proof so taken and made, the same being duly certified by the clerk, under the seal of the county, shall be valid and effectual, and have the same force and effect as if the same were taken before any justice of the peace of the county in which the said lands are situate. We are of opinion that the fair construction of these two sections, taken together, only authorizes a justice of the peace of the county where the land lies, to take the acknowledgment, unless the certificate of the clerk of the county is appended to the deed.

It appears by the bill of exceptions, that the deed of Rector to Bancroft, was accompanied by a certificate of the clerk of the Circuit Court of St. Clair county, that Osborne was a justice of the peace of St. Clair county.

It is however unnecessary to decide whether the certificate of the Circuit Court was sufficient under the statute, as it was not offered as evidence; and the Court below did not decide on its competency. The judgment is reversed for rejecting the evidence offered in relation to the deed from Bancroft to Rector, with costs, and the cause remanded, with directions to the Circuit Court of Monroe county to award a *venire de novo.*

*Judgment reversed.*

*Note.* See Doe *ex dem.* McConnel *v.* Reed, and note, *Post.*