JACOB FUGMAN *et al.*

*v.*

THE JIRI WASHINGTON BUILDING AND LOAN ASS'N.

*Opinion filed April 20, 1904.*

1. MORTGAGES—*acknowledgment before an officer of corporation mortgagee does not release homestead.* A trust deed acknowledged before a director of the corporation secured thereby does not become a lien upon the homestead, and where the entire property is not worth over $1000 the trust deed is entirely inoperative until abandonment or surrender of the homestead.

2. SAME—*legislature has power to pass act curing defective acknowledgments.* The legislature has power to legalize prior acknowledgments which are illegal because of the disability of party taking the acknowledgments, but such an act cannot interfere with vested rights of third parties. (*Steger* v. *Traveling Men's Building Ass.* 208 Ill. 236, followed.)

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

GEORGE F. BARRETT, for plaintiffs in error.

CHARLES VESELY, and CHARLES T. FARSON, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On July 20, 1896, Auguste Peters was the owner of a lot in Cook county of the value of less than $1000, which she occupied, with her husband, Heinrich Peters, as a homestead, and on that day said Auguste Peters and Heinrich Peters, her husband, executed their trust deed to John Stropnicky, trustee, to secure the payment to the Jiri Washington Building and Loan Association of an indebtedness of $700 of said Heinrich Peters for money loaned. The trust deed contained a release of the homestead estate in the body and acknowledgment, but it was acknowledged before John Pecha, a notary public who was a stockholder and director in the corporation thereby secured. For that reason the trust deed did not become a lien on the homestead estate. Afterward, on August 1, 1896, said Auguste Peters and Heinrich Peters, her husband, executed a trust deed to Charles Lough-ridge, trustee, to secure the payment of their notes, amounting to $460, payable to Henry Schwartz. This trust deed contained a release of homestead, and was acknowledged so as to release the homestead estate and become a valid lien thereon. In the first week of November, 1896, Jacob Fugman purchased the notes secured by this trust deed for $460. Auguste Peters and Heinrich Peters occupied the lot as a homestead until July 24, 1901, when they left it. On February 27, 1902, the building and loan association filed its bill in the superior court of Cook county to foreclose the trust deed securing it, and made Jacob Fugman a party defendant, with others. Fugman answered the bill, alleging the existence of the homestead estate, and that the trust deed sought to be foreclosed created no lien thereon by reason of the insufficient acknowledgment. Fugman then filed his cross-bill to foreclose the trust deed securing the notes held by him, claiming that said trust deed was a prior and superior lien to the one securing the building and loan association.

The cross-bill was answered, and replications having been filed the cause was referred to a master in chancery. At the time of the hearing the lot was in possession of persons placed there by Schwartz. The master reported his conclusions that the trust deed securing the building and loan association was a first lien on the lot and that the trust deed securing Fugman was a second lien, and found the amount due each, with solicitor's fees. The court overruled exceptions of Fugman to the report and entered a decree of foreclosure in accordance with the report. The writ of error in this case was sued out to bring the record into this court, and in the assignment of errors the validity of the statute passed to legalize acknowledgments taken before officers and stockholders of corporations is questioned.

The principal question determining the priority of liens between the trust deeds was decided in *Steger* v. *Traveling Men's Building and Loan Ass.* 208 Ill. 236. The acknowledgment of the trust deed securing the building and loan association before Pecha, a director and stockholder, and therefore pecuniarily interested in the debt secured, was not authorized by law, and the trust deed created no lien upon the homestead estate. (*Ogden Building and Loan Ass.* v. *Mensch*, 196 Ill. 554.) The lot being of less value than $1000, the trust deed was inoperative to create a lien upon any part of the property. The trust deed securing the notes held by Fugman contained a release and waiver of the right of homestead both in the body of the deed and in the acknowledgment, and it created a valid lien upon the lot. The act of May 15, 1903, (Laws of 1903, p. 120,) passed for the purpose of validating acknowledgments taken before officers and stockholders of corporations, could not operate retrospectively, so as to affect liens vested before its passage. Where an acknowledgment is necessary to transfer an estate and there is no acknowledgment, the legislature cannot supply the defect, which would be to transfer the estate of

one person to another by a legislative act; (*Russell* v. *Rumsey,* 35 Ill. 362;) but where there is an acknowledgment conforming to the requirements of the law for the transfer of the estate, but the officer before whom the acknowledgment is taken has not been authorized by law to take it, the legislature may cure the defect by a subsequent statute, provided they do not interfere with vested rights. (*Logan* v. *Williams,* 76 Ill. 175.) In this case the owners of the homestead estate attempted to convey it in conformity with the statute, but failed because the officer was disabled, by personal interest, to take the acknowledgment. In case the homestead estate should be extinguished by abandonment or surrender, the trust deed would become operative. There was, in fact, an acknowledgment, which was illegal only on account of the personal interest of the officer, and this disability the legislature might remove as between the parties to the instrument. A curative statute of that kind, however, cannot operate to interfere with the rights of third persons vested at the time it takes effect. (1 Cyc. 610.) So far as an act purporting to validate defective acknowledgments impairs vested rights or affects the rights of strangers to the instrument it is void. (1 Am. & Eng. Ency. of Law,—2d ed.—568.) The lien of Fugman was a vested right at the time the act of 1903 took effect, and the legislature had no power to change its status or destroy it.

The premises were abandoned on July 24, 1901, and the homestead estate was thereby extinguished. The rights of Fugman had become vested and the trust deed securing his notes is entitled to priority. *Eldridge* v. *Pierce,* 90 Ill. 474.

The decree of the superior court is reversed and the cause is remanded to that court, with directions to enter a decree of foreclosure in accordance with the views herein expressed.          *Reversed and remanded.*