FIRST NATIONAL REALTY & LOAN COMPANY, a Corporation, and JAMES L. BALLARD, Respondents, v. ADOLPHUS O. MASON, Appellant.

Kansas City Court of Appeals, December 21, 1914.

1. WASTE: Tenants for a Term of Years. Waste means the spoil and destruction of an estate either in houses, woods or lands, by demolishing, not the temporary profits only, but the very substance of the thing, thereby rendering it wild and desolate. It is a lasting damage to the reversion caused by the destruction by the tenant for life or years, of such things on the land as are not included in the temporary profits.

2. ———: **Pleading: Petition.** Where the allegations of the petition clearly showed that the damages sued for was to the reversion, it was properly *held* to be a suit for waste and not an action in trover for the value of the things destroyed and removed, although the petition annexed to the description of each thing destroyed a statement of its value.

3. ———: ———: ———: **Measure of Damages.** In actions for waste the true measure of damages is the extent of the injury to plaintiff's particular estate. Where plaintiff is the owner of the land the measure of damages is the extent to which the value of the land is diminished. And where the petition clearly showed the action was for waste it was the duty of the trial court to apply the correct measure of damages to the suit even though the pleader may seem, by the language used, to have entertained the idea that another measure of damages was proper.

4. ———: ———: ———: ———. In such cases, the admission of evidence on the correct measure of damages is not inadmissible as being outside the pleading for the reason that since the petition alleges facts showing an injury to the freehold and that the suit is for that injury, such evidence is strictly within the petition.

5. ———: **When Committed: Jury Question.** Plaintiffs claimed the acts constituting waste were committed by defendant after he had sold the farm to them and while he was a tenant thereon. Defendant's evidence was that the acts were committed by him before he sold the land to plaintiffs. *Held*, that this issue was for the jury to determine.

Appeal from Nodaway Circuit Court.—*Hon. Wm. C. Ellison*, Judge.

AFFIRMED.

*W. R. Sawyers* and *Cook, Cummins & Dawson* for appellant.

*Shinabarger, Blagg & Ellison* for respondents.

TRIMBLE, J.—Plaintiffs, as the owners of a 221 acre farm, sued for waste committed thereon by defendant while he was a tenant under a lease for a term of years. The waste was alleged to have been wantonly committed.

Section 7913, Revised Statutes 1909, subjects any tenant for life or years to a civil action for waste of anything belonging to the tenement so held, without special license in writing so to do. Section 7920, Revised Statutes 1909, authorizes a judgment for treble damages if the jury find the waste was wantonly committed. The jury returned a verdict for $300 but did not state in their verdict that the waste was wantonly done, and hence judgment was rendered for the $300 without trebling the damages.

The errors complained of are five in number, but they all relate to the same question and are but different methods of preserving and presenting that question for review on appeal. Said question is, what is the true measure of damages to be followed under the petition? The trial court allowed plaintiffs to show the decrease in value of the farm caused by the waste. Defendant claims that, under the allegations of the petition, this was not permissible, but that the value of the buildings and fences removed was the only measure of recovery. We do not understand defendant as denying that, in an action to recover damages for waste, the measure of such damages is the extent of the injury to plaintiffs' particular estate and that this is ordinarily the extent to which the value of the land is diminished. This is the true measure of damages in such cases. [30 Am. & Eng. Ency. of Law (2 Ed.), 301.] But defendant's position is that the petition does not present an action for waste but only one for damages for the destruction and removal of certain buildings and fences the specific value of each of which was alleged, and, therefore, the measure of damages is the value of the things destroyed and taken away. The question, therefore, resolves itself into one of pleading.

The petition alleges that on the 2⌐th day of February, 1912, the defendant was the owner of a farm of 221 acres, specifically describing it, and on that

day conveyed it to plaintiffs by warranty deeds which were duly recorded; that plaintiffs thereupon became and are now the owners of the land in fee simple; that afterwards they executed a written lease to defendant whereby they let the said farm to him for a period of three years from March 1, 1912; that thereafter at different times defendant, being then a tenant on said land, committed waste thereon after he had aliened it as aforesaid, and while he remained in possession thereof as aforesaid, in this, that he removed a certain barn, and certain frame sheds, and a house, and certain barbed wire and woven wire fences and also valuable timber standing and growing on said land; that said buildings, fences and timber so removed were the property of plaintiffs, and defendant had no interest therein of any kind or character; that said acts of waste were wantonly committed by defendant; wherefore, plaintiffs allege they were damaged in the sum of $542.50, and, inasmuch as said waste was wantonly committed as aforesaid, they prayed for treble damages and for costs. The petition specifically described the barn, sheds, house, and fences, standing on said farm and alleged to have been removed, and alleged the value of each to be a certain amount therein specified. It is this feature of the petition which causes defendant to insist that the suit is one in conversion for the value of the removed pieces of property.

We do not think that merely because the petition annexed a specified value to the description of each piece of property, this changed the nature and character of the suit, and made it merely one in conversion for the value of the things taken away. While it is true there is no allegation saying, in so many words, that plaintiffs were damaged by reason of the diminishment in value of the farm, yet sufficient facts are alleged from which this follows as a necessary legal inference. The term "waste" means the "spoil and

destruction of an estate either in houses, woods, or lands, by demolishing, not the temporary profits only, but the very substance of the thing, thereby rendering it wild and desolate, which the common law expresses very significantly by the word '*vastum.*' " [3 Blackstone's Comm. 223.] Waste "is a lasting damage to the reversion caused by the destruction, by the tenant for life or years, of such things on the land as are not included in its temporary profits." [Profitt v. Henderson, 29 Mo. 325.] Consequently, the petition alleged a damage to the reversion and was clearly a suit to recover that damage, and was not a suit in trover for the value of the things destroyed and removed.

Being a suit to recover damages for waste it was the trial court's duty to apply the correct measure of damages to that suit even though the pleader may seem, by the language used, to have entertained the idea that another measure of damages was proper. Evidence showing the diminished value of the inheritance was not evidence of a fact outside of or beyond the pleadings but of that which was strictly within the pleading. It is unlike a suit for personal injuries in which certain specific consequences are alleged to have followed as a result of the occurrence complained of. In such case, evidence of other subsequent consequences not alleged nor necessarily implied in the petition is not admissible. Such for example, is the case of Arnold v. Maryville, 110 Mo. App. 254, where evidence of a malignant growth on the foot and the subsequent amputation thereof was not admissible under a petition which merely alleged that the fall broke the bones of the foot and tore loose the ligaments thereof. So also is the case of Muth Ex. v. St. Louis, etc. R. Co., 87 Mo. App. 422, where evidence of loss of memory was held not to be admissible under a petition which did not plead it nor necessarily imply it. But that is not the situation here where

the petition alleges facts showing an injury to the freehold, and the damage sued for is the damage to the corporeal hereditament. Of course, the admission of evidence as to the injury to the freehold would not entitle the plaintiffs to recover damages beyond the amount alleged, but no such result is involved here. And this is all that is meant by instruction number five given in defendant's behalf as a counterpart to plaintiffs' instruction number 4. The latter told the jury that if they found for the plaintiffs, the damages; if any, would be the diminishment in market value, if any, of the farm caused by the removal of the barn, etc., not to exceed $542.50. Number 5 for the defendant told the jury that although they found for plaintiffs they could not assess the damages at any greater sum than the actual cash value of the buildings and fences removed. These two were not conflicting. The one given for defendant simply restricted the damages to the freehold to the value of the buildings and fences so removed. There was no evidence that the damage to the freehold was less than the value of the buildings and fences, and, indeed, it is not seen how it could be less. So that, the jury were not given two different rules to go by but were limited in the amount they could give under the one rule laid down. If this was error it was not against defendant.

There is substantial evidence that the defendant tore down and had removed the buildings, etc., after he sold the land and had taken a lease thereon. It is true this is denied by defendant and his witnesses who claim that the buildings, etc., were removed before he sold the farm. But as to which side told the truth was for the jury to determine. Their verdict is for plaintiffs and we must accept it.

The judgment must be affirmed. So ordered. All concur.