602     APPELLATE COURTS OF ILLINOIS.

The Marseilles L. & W. P. Co. v. O'Neil et al., 218 Ill. App. 602.

## The Marseilles Land and Water Power Company, Defendant in Error, v. Timothy L. O'Neil and Mary O'Neil, Plaintiffs in Error. Union Trust Company, Trustee, Defendant in Error.

### Gen. No. 6,781.

1. PERPETUITIES, § 1*—*what rule against relates to.* The rule against perpetuities relates to the time when title vests, and does not relate to the length of time during which the title may be enjoyed.

2. LANDLORD AND TENANT, § 28*—*when leases are supported by consideration.* Where each of two leases of water power recites a consideration, contains mutual convenants, the lessees took possession, used the water and paid rent under the lease, and one of them was executed at the same time that the lessor conveyed certain real estate to the lessee, the instruments being consideration for each other, it was *held* that the leases were supported by consideration.

3. LANDLORD AND TENANT, § 37*—*when acknowledgment is not necessary.* Leases of water containing a provision for a lien on certain realty to secure the rent under which the lessors and lessees have acted for many years are valid, notwithstanding imperfection in their execution, by reason of failure to have certain parties acknowledge them.

4. MORTGAGES, § 49*—*when acknowledgment is not necessary.* A mortgage is valid between the parties without an acknowledgment, and its recording is notice to subsequent parties.

5. WATERS AND WATERCOURSES, § 39*—*what is effect of defective option to increase water power.* Even though the exercise of an option for increasing the water power under a lease of water power is not properly executed or acknowledged, it is sufficient to create liability for the increased rent that the option was acted upon by both parties.

6. WATERS AND WATERCOURSES, § 41*—*what is effect of condition that may interrupt lease.* In a bill to foreclose a lien upon real estate for rent under a lease of water power, the fact that the water power was obtained by a dam across the Illinois river and the lease did not provide against the contingency that the term might be interrupted and destroyed by action of the United States, the State of Illinois or the Sanitary District of Chicago, does not render the lease void where there is no claim that any of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

such authorities intervened, and the lessee had the use of the right to the water power during all the time for which rent was charged.

7. LANDLORD AND TENANT, § 332*—*when lien is created.* On a bill to foreclose certain liens upon real estate for rent due under leases of water power, certain provisions of the leases *held* to create a lien upon the real estate described therein.

8. LANDLORD AND TENANT, § 352*—*when lessor may redeem from foreclosure of lien.* The lessor of water power under a lease creating a lien upon certain real estate to secure the payment of the rent may redeem such real estate and have the cost of the redemption included in the decree on the foreclosure of such lien.

Error to the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed June 29, 1920.

PETER M. MACARTHUR, for plaintiffs in error.

LESTER H. STRAWN, for defendants in error.

TIMOTHY L. O'NEIL, *pro se.*

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

The Marseilles Land and Water Power Company filed its bill in equity against Timothy L. O'Neil and Mary, his wife, and the Union Trust Company, trustee, to foreclose alleged liens upon certain real estate in the City of Marseilles for rent for water power, and also filed its amended bill, and also a supplemental bill to recover further instalments of said rent. The O'Neils answered, setting up various defenses hereinafter stated. The Union Trust Company, trustee, answered, and filed a' cross-bill to foreclose a trust deed given by the O'Neils upon said premises. The master in chancery heard and reported the proofs and his conclusions. Objections and exceptions thereto were overruled and there was a decree for complain-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ant in the sum of $9,369.21, and in favor of the cross complainant for $93,403.75, and for the sale of the premises to satisfy said decree. The premises were sold by the master under said decree for $9,723.72, which satisfied the decree in favor of the complainant but left a deficiency decree in favor of the Union Trust Company. The sale was approved. The O'Neils sued out a writ of error from the Supreme Court on October 29, 1918, to review said decree. On February 17, 1920, the Supreme Court transferred the cause to this court and it reached this court on March 9, 1920. The abstract filed by plaintiffs in error is so defective that it fails to present many of the questions argued by them. One of the defendants in error filed an additional abstract. We have concluded to discuss the questions involved so far as they are presented by the two abstracts.

On June 11, 1867, complainant conveyed the real estate in question to John Q. Adams and Oliver R. Adams and at the same time executed a lease to them, known in this record as No. 2. It recited the sale and conveyance by complainant to said second parties of the real estate involved, to be used for manufacturing purposes requiring the use of machinery to be driven by water power. It leased to said second party and their assigns for 99 years a part of the water power of the first party, 15-horse power, to be taken out of the main channel of complainant at a point most convenient to the premises of the second parties, with an option to increase the water power to 60-horse power. It provided for the constant supply of water, with certain exceptions. It provided how the lease might be extended for consecutive terms of 99 years. The second parties agreed to pay as rent for said water power $150 per annum, and $10 per annum per horse power additional for additional water. It provided that the second parties and their assigns should at all times be liable for the rent whether the water was actually

used or not, if the first party was ready and willing to furnish it. It contained the following provision:

"And in order to secure the payment of the rent hereby reserved, it is agreed that the rent due shall at all times be a first and valid lien and encumbrance upon the premises aforesaid in the nature of and to the same extent as a mortgage by deed, and the parties of the second part hereby grant, bargain and encumber the premises aforesaid, with all the improvements and appurtenances thereof, to the first party in mortgage and pledge conditioned only for the faithful payment of the rent herein provided, the same being subject to foreclosure and redemption, and all other rights incident to mortgages of real estate."

The lease also provided how the water should be measured. It was filed for record about a month later. Under date of February 15, 1906, complainant executed to the Marseilles Manufacturing Company (called therein "the manufacturer"), which had then become the owner of the real estate described in lease No. 2, a lease (known as No. 17) for 99 years of water sufficient to generate 100-horse power each week day, for which the lessee agreed to pay as rent for the use of said water $1,500 per annum. It contained the following provision:

"The rent shall at all times be a first and valid lien and encumbrance upon the premises of the manufacturer herein described, and upon all improvements, to the same extent as a mortgage by deed, and for the payment thereof the manufacturer does hereby grant, bargain and encumber the premises aforesaid, with all the improvements and appurtenances thereof, to the Water Power Company in mortgage and pledge, conditioned only for the faithful payment of the rent herein provided, the same being subject to foreclosure and redemption and all other rights incident to mortgages of real estate."

It contained various other provisions similar in

meaning to lease No. 2, and was recorded. By mesne conveyances the title of the lessees became vested in the Swanson Manufacturing Company, and the latter became bankrupt and the real estate in question was sold by a trustee in bankruptcy and purchased by O'Neil. The sale and conveyance included the lessees' rights in the two leases above described, and the sale and conveyance was made subject to the liens for rent provided in said leases, and described said leases and the places where recorded. O'Neil paid several instalments of the rent, and afterwards became delinquent and gave to complainant a note for $2,671.22, evidencing the unpaid back rent, which note contained the following provision: "It is the understanding of the parties hereto that this note does not release the mortgage liens provided for in the water leases existing between the parties." Finally O'Neil became further in default for rent and said note was not paid and he ceased to use the water and this suit was begun.

The O'Neils contend that these leases for 99 years violate the rule against perpetuities. That rule relates to the time when title vests and does not relate to the length of time during which the title may be enjoyed. *O'Hare v. Johnston*, 273 Ill. 458, 463; *Guerin v. Guerin*, 270 Ill. 239, 245; *Mettler v. Warner*, 243 Ill. 600. The O'Neils contend that there was no consideration for either lease. The leases recite a consideration. The first lease was given at the same time as the execution of the deed and those instruments were considerations for each other. The leases contain mutual covenants and they are considerations for each other. The lessees took possession and used the water, and paid rent under said leases. We hold there was a sufficient consideration for the leases. The O'Neils contend that there was some imperfection in the manner of executing these leases by the first party. We hold there was no such imperfection, but if there was, as the lessor and lessees have acted under the leases for

many years, they are nevertheless valid. The O'Neils contend that there was a failure to have certain parties acknowledge these leases. A mortgage is valid between the parties without an acknowledgment and its recording is notice to subsequent parties. *Semple v. Miles,* 3 Ill. (2 Scam.) 315; *Roane v. Baker,* 120 Ill. 308; *Louisville & N. R. Co. v. Illinois Central R. Co.,* 174 Ill. 448; *Ogden Building & Loan Ass'n v. Mensch,* 196 Ill. 554, 569; *Ross v. Harney,* 139 Ill. App. 513. The O'Neils contend that the exercise of the option for increasing the water power under lease No. 2 was not properly executed or acknowledged. We hold it sufficient to create liability for the increased rent that the option was acted upon by both parties. O'Neil paid rent thereunder and thereby recognized it. The O'Neils contend that complainant did not furnish at all times the amount of water required. We hold that the evidence is to the contrary. The O'Neils contend that as complainant obtained this water power from the Illinois river by a dam across the same, and as the leases did not provide against the contingency that the term might be interrupted and destroyed by action of the United States or the State of Illinois or the Sanitary District of Chicago, therefore the leases are. void. We hold this position untenable. There is no claim that either of said authorities did intervene, and O'Neil had the use of the premises and the right to this water power during all the time for which rent is charged. The O'Neils contend that the leases did not create a lien upon the real estate described therein. We think that contention is conclusively refuted by the language which we have quoted from said leases. Instances of similar covenants which run with the servient estate and subject the assignor to their performance are found in *Fitch v. Johnson,* 104 Ill. 111, and *Purvis v. Shuman,* 273 Ill. 286. The premises were sold for taxes and the complainant redeemed and the cost of the redemption is included in the de-

cree. The O'Neils contend that complainant had no right to redeem from said tax sale or include the amount of that redemption in the decree. The right of a mortgagee to pay taxes assessed against the mortgaged premises and to have such payments· tacked in equity to the mortgage debt upon foreclosure is well established. *Boone v. Clark*, 129 Ill. 466, 495. The O'Neils contend that there are differences in the description of this real estate in different documents and that they do not describe the same premises, in the absence of explanation. We are of opinion that neither the original nor the additional abstract is sufficient to present this question for our consideration. Some other objections to this record are made. Where they are raised by the abstracts we hold them not well founded.

We find no reversible error in the record. The decree is therefore affirmed.

*Affirmed.*