## Illinois Tractor Company and W. B. Leach, Trustee in Bankruptcy, Plaintiffs in Error, v. Homer English, Trustee, Defendant in Error.

### Gen. No. 7,719.

1. CORPORATIONS—*evidence of validity of corporation trust deed.* In a suit to foreclose a trust deed given by a corporation to secure promissory notes held by certain directors of the corporation where the findings of the trial court that the notes were given to secure bona fide loans of money which was used in the business of the corporation were sustained by the evidence, which also shows that the company continued to do business on a solvent basis for many months after the execution of the trust deed and that it did not become bankrupt for nearly two years after its execution, such findings are a complete answer to the contention of the corporation and the trustee in bankruptcy that the notes and trust deed are invalid because of the insolvency of the corporation at the time they were made or because of improper participation of the directors as holders of the notes in the benefit of the security provided by the deed.

2. MORTGAGES—*estoppel of mortgagor to question validity.* Where the execution of notes and a trust deed by a corporation was authorized by the directors in due course of the business of the corporation and the benefits received therefrom were accepted by it and used advantageously in its business, it is not in a position to question the validity of the deed and notes on the ground that the treasurer was not expressly authorized to execute them.

3. ACKNOWLEDGMENTS—*validity of corporate trust deed acknowledged before officer of corporation.* A trust deed executed by a corporation was not invalid on the ground that the acknowledgment was taken before a notary public who was at the time a director and stockholder of the corporation, such acknowledgment being validated by Cahill's Ill. St. ch. 30, ¶ 45.

4. ACKNOWLEDGMENTS—*validity between parties of unacknowledged mortgage.* A mortgage is valid between the parties without an acknowledgment.

SHURTLEFF, P. J., dissenting.

Error by plaintiffs to the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding. Heard in this court at the April term, 1924. Affirmed. Opinion filed October 22, 1924. Rehearing denied February 24, 1925. *Certiorari* denied by Supreme Court (making opinion final).

WILLIAM K. BRACKEN and ROSENTHAL, KURZ & TIEDE-BOHL, for plaintiffs in error; JAMES ROSENTHAL and SIDNEY LEVY, of counsel.

SIGMUND LIVINGSTON, for defendant in error.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is a foreclosure proceeding, commenced in the circuit court of McLean county by Homer English, as trustee of the trust deed sought to be foreclosed, which was executed by the Illinois Tractor Company on June 25, 1920, and made to secure the payment of eight promissory notes, six of which notes were made and delivered to Paul F. Beich, E. Harold Mann, F. W. Schroeder and William V. Dye, who at the time of the making of the notes and trust deed were directors of the Illinois Tractor Company. The other two notes are held by J. E. Will, a brother of Charles I. Will, who was also a director of the company. A decree of foreclosure was entered by the chancellor, finding that note No. 1 is owned by William V. Dye, and that there was due thereon for principal and interest the sum of $15,521.36; and notes Nos. 2 and 3 are owned by J. E. Will, and that there is due thereon for principal and interest the sum of $31,934.58; that note No. 4 is owned by Paul F. Beich, and that there is due thereon for principal and interest the sum of $15,521.36; that note No. 5 is owned by F. W. Schroeder, and that there is due for principal and interest thereon the sum of $15,521.36; that note No. 6 is owned by John Mann and George Mann, and that there is due for principal and interest on the same the sum of $15,521.36; that note No. 7 is owned by George C. Heberling, and that there is due for principal and interest on the same the sum of $8,041.78; that note No. 8 is owned by Colfax Gibbs, and that there is due upon the same for principal and interest the sum of

$763.93, making a sum total of indebtedness secured by the trust deed in question at the time of the rendition of the decree of $102,825.73. The decree directs a foreclosure of the trust deed against the premises involved. A writ of error is prosecuted to reverse the decree by the plaintiffs in error, Illinois Tractor Company and W. B. Leach, trustee in bankruptcy.

A reversal of the decree is urged principally on the ground that the trust deed is invalid. It is insisted that at the time of the execution of the mortgage by the Tractor Company that the company was insolvent and that the trust deed was executed mainly for the purpose of securing pre-existing debts, which the company owed to the directors Beich, Heberling, Dye, Schroeder, Garber and Charles I. Will, and that the directors were acting for their own benefit in providing for the execution of the trust deed to secure the payment of the notes referred to. Concerning this question the decree finds, "that the directors of the defendant corporation who received the notes secured by the trust deed here in question did not by their action or by their authorization of making said notes and trust deed or by the acceptance thereof intend to procure any advantage over any other stockholder of said corporation, but on the contrary their action was intended for the benefit and advantage of said stockholders of said corporation; that they did not intend by said action to impede the progress and success of said corporation, but on the contrary their motive was to promote the interest of said corporation and its stockholders." The decree also finds, "that said directors did not in any manner in said transaction act fraudulently or through any sinister motive; and that they by said action did not intend and did not in fact procure any advantage over any other stockholder of said corporation." The decree specifically finds that the Tractor Company "in order to raise funds and moneys for the purpose of paying

debts and its continuance in business, by action of its board of directors at a meeting held at which all directors were present, passed a resolution authorizing issuance of certain promissory notes by its proper officers, and also making and executing a trust deed upon its real estate and fixtures, including all machinery, situated in McLean County, Illinois, to secure said promissory notes." And "that said board of directors then and there on the 25th of June, 1920, borrowed from Paul F. Beich, $14,000 and from William V. Dye the sum of $14,000, and from E. Harold Mann the sum of $14,000, and from F. W. Schroeder the sum of $14,000, and that the total cash actually advanced on said date by said last four mentioned persons was $56,000, and that the same was on said date actually paid in cash to said company, * * * and that each of said last mentioned persons separately contributed $14,000 and each of said four persons received a note for the sum of $14,000 on the Tractor Company, secured by said trust deed. * * * And that the said loans made by them were for no other purpose of whatsoever kind, than were prompted solely for the benefit of said corporation." The decree also finds, "that Charles I. Will was a director and surety for the defendant corporation on notes to the amount of $28,000 which were executed on October 26, 1918, and November 19, 1918, and were renewals for previous notes for the same indebtedness. * * * That Charles I. Will refused to accept two of the mortgage notes of said defendant corporation, * * * and two notes for $14,000 were delivered to Homer English by the defendant corporation, who was then instructed by the manager of said corporation to deliver said notes to the American State Bank for J. E. Will, who later borrowed from said bank $28,000 on his individual note and for which amount he received a certificate of deposit, which certificate of deposit he endorsed to the defendant corporation,

and took up the said two mortgage notes for said amount; and the defendant corporation endorsed said certificate of deposit of $28,000 to the bank, and it, the said bank, applied the same in payment of the notes of the defendant corporation, upon which Charles I. Will was surety, and surrendered said canceled notes to him.

"That in so far as said transaction is concerned, the manager of the defendant corporation disposed of two of the mortgage notes for $28,000 for cash, which was used to pay a bona fide debt of the defendant." The decree also finds "that George C. Heberling was a director of the company and had procured loans to be utilized in its business by giving his individual note to the American State Bank. That the defendant received the money, and that this note of Heberling to said bank was for the accommodation of the defendant corporation. * * * That D. T. Garber was a director of said corporation, and procured loans for the corporation, by giving his individual note to the American State Bank. That the money represented by said note of said Garber was paid and used by said defendant corporation, and that said Garber's note was an accommodation note for said corporation; * * * that said notes of Garber and Heberling were secured by collateral notes owned by the defendant corporation, which were also delivered to said American State Bank and held by it and that since the 25th day of June, 1920, said bank and the defendant corporation have collected various sums upon said collateral notes, all of which were credited to the notes of said Garber and Heberling and all said collections and moneys realized from collateral notes are fully accounted for in fixing the amount due upon said notes. That on the 25th day of June, 1920, there was delivered to D. T. Garber a note of the defendant corporation, secured by said trust deed, for the sum of $11,522.93, which was the

amount computed on said date due on said accommodation notes of Garber and Heberling, and that upon said date there was delivered to said George C. Heberling a promissory note of the defendant corporation, secured by said trust deed, in the sum of $17,772, which was the amount on said day fixed as the liability of said corporation on the accommodation note of said Heberling. That said note has been credited with proper credits, all of which have been fully adjusted." The decree also finds "that said defendant corporation was at the time of the issuance of said notes and trust deed a going concern, manufacturing and selling tractors, and that it was the intent and purpose at said time to continue in its business. That the assets of said corporation at said time were far in excess of its liabilities and that it had book accounts, bills receivable and other liquid assets, with which to meet all its liabilities then due or matured and those that would be due and mature within a short time could fully pay. That it also had valuable machinery and fixtures, some of which were practically new and unused, and that it also possessed valuable real estate in McLean County, Illinois, unencumbered, with factory buildings recently constructed." The decree also finds, "that said corporation did continue its business, paid liabilities as they became due, and that the moneys realized from this loan paid the bank indebtedness in full and also, after paying all indebtedness then requiring immediate payment, had $24,423.99 balance to its credit in the general deposit of the American State Bank." Also "that from January 26, 1920, until May 21, 1922, said business collected out of accounts, bills receivable due it, and for merchandise sold during that period $154,170.74."

The findings of the court in the decree are fully sustained by the evidence, and the evidence also shows that the company continued to do business on a sol-

vent basis for many months after the execution of the trust deed in question, and that it did not become bankrupt until nearly two years after the execution of the trust deed, namely, about April 21, 1922. The findings of fact by the court, therefore, are a complete answer to the contention of plaintiffs in error, that the notes and trust deed are invalid because of the insolvency of the company at the time they were made, or because of improper participation of the directors as holders of the notes referred to, in the benefit of the security provided by the trust deed. It is also contended, concerning the trust deed and the notes issued in connection therewith, that they are not valid because they were executed for the company by its treasurer; that the treasurer has no implied authority to issue commercial paper for a corporation of this kind; and that it does not appear from the trust deed that he had been clothed with authority by the directors of the corporation to execute the notes in question. There is no merit in this contention. The evidence conclusively shows that the making of the notes and the trust deed was authorized by the directors in due course of the business of the corporation. Moreover, the benefits received therefrom were not only accepted by the company, but were utilized advantageously by the company in the subsequent transaction of its business. The company is therefore not in position to question the validity of the trust deed and notes on that ground. *Darst v. Gale,* 83 Ill. 136.

It is further contended that the trust deed is invalid because the acknowledgment was taken before Charles I. Will as notary public, Will being at the time a director and stockholder of the company. It is sufficient answer to this contention that since the act of May 15, 1903, concerning acknowledgments of instruments to which corporations are parties, before officials and stockholders, such acknowledgments became legalized

and were thereafter valid. Cahill's Ill. Rev. St. ch. 30, ¶ 45; *Maxwell v. Lincoln & Fifth Ward Bldg. & Loan Ass'n*, 216 Ill. 85.

A mortgage is valid between the parties without an acknowledgment. *Marseilles Land & Water Power Co. v. O'Neil*, 218 Ill. App. 602.

We find no reversible error in the record. The findings of the decree are in accordance with the evidence and the law; the decree is therefore affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE SHURTLEFF dissents.