State Bank of Palatine et al., Appellees, v. Carrie Barbaras, Appellant.

Gen. No. 33,069.

Opinion filed March 11, 1929. Rehearing denied March 25, 1929.

RALPH L. PECK and HENRY J. HARZ, for appellant.

McGILVRAY, EAMES, VAUGHAN & TILLEY, for appellees; A. G. HUMPHREY, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

The State Bank of Palatine and the trustee named in the trust deed filed their bill to foreclose the trust deed on certain real estate in Cook county given to secure an indebtedness of $2,500. A decree of fore-

closure was entered as prayed for. Carrie Barbaras, one of the defendants, prosecutes this appeal.

The record discloses that on March 17, 1924, Edward W. Hutchison, a widower, borrowed $2,500 from the complainant bank and delivered to it his note for that amount due three years after date and to secure the payment executed the trust deed in question. Afterwards, on October 9, 1924, Hutchinson conveyed the premises by warranty deed to Charles Barbaras and Carrie Barbaras, the defendant, the parties being husband and wife, the conveyance to them being in joint tenancy. The deed stated that the conveyance was made "subject, however, to a trust deed in the amount of $2,500, being recorded in the recorder's office of Cook County . . . hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of the State of Illinois." There being a default in the payment of principal, interest and taxes, the complainant on October 27, 1927, filed its bill of foreclosure. Carrie Barbaras, the defendant, filed her answer admitting the default in payment of the principal, interest and taxes, and that the State Bank of Palatine, the complainant, was the owner of the note and trust deed. After the issues were made up the cause was referred to a master, and while there pending the defendant, Mrs. Barbaras, filed her petition praying that the reference to the master be set aside and vacated and the cause placed upon the trial calendar, stating as reason therefor that the issues were simple and that the proof could be made before the chancellor in half an hour's time and the expense of reference to the master saved. In the petition she admitted that she did not contest the indebtedness or the amount due and stated that the only proof required on the hearing of the cause was the mere formal proof which would be made by the introduction of the trust deed and notes, all of which could be done in a half hour's time because there was no contest of any kind

and reference to the master was unnecessary and burdensome. She further set up that the property on which the trust deed was being foreclosed was the home of herself and her daughter and was worth $7,000. Other matters were alleged in the petition and she requested that the case be postponed a few months to enable her to pay off the indebtedness. The prayer of the petition was denied.

Counsel for the defendant in their brief make two points: (1) that the trust deed in question was acknowledged before a notary public who was a stockholder and director of the complainant bank and therefore the estate of homestead was not conveyed by the trust deed; and (2) that the Act of May 15, 1903, ¶ 45, ch. 30, Cahill's St. 1927, did not cure the defect in the acknowledgment of the trust deed.

In *Ogden Building & Loan Ass'n v. Mensch,* 196 Ill. 554, it was held that where the owner of premises executed a mortgage to secure a loan made by the building association and the acknowledgment of the mortgage was taken by a notary public who was a stockholder of the association, the acknowledgment was void and the mortgage inoperative as to the homestead estate of the mortgagors. So in the instant case, if there was an estate of homestead in the premises at the time of the execution of the trust deed, the acknowledgment of the trust deed having been taken by a notary public who was a stockholder and director of the complainant bank that loaned the money, the trust deed would be inoperative so far as the estate of homestead was concerned. In the *Mensch* case, *supra,* the premises there mortgaged were occupied by the mortgagors as their homestead, while in the instant case there is no proof that Hutchinson, who borrowed the money from complainant and executed the trust deed in question, was at that time occupying the premises as his homestead. But in any event, the defendant could not acquire an estate of homestead in the premises as against the

trust deed because it was a lien on the premises when she and her husband bought the property. Moreover, the deed conveying the premises to them expressly stated that the conveyance was made subject to the trust deed securing the $2,500.

In *Symonds v. Lappin,* 82 Ill. 213, it was held that unless the right of homestead exists at the time the mortgage is given, there is no necessity for its relinquishment. And in *McCormick v. Wilcox,* 25 Ill. 274, the court said (p. 275) : "The bill, which was taken for confessed, shows that the mortgagors resided upon and occupied the mortgaged premises at the time the bill was filed, but there is no intimation that it was their homestead at the time the mortgage was executed. No homestead rights could attach to the premises by their making it a homestead after the mortgage was executed." Defendant and her husband having purchased the property subject to the incumbrance, which was expressly referred to in the deed conveying the premises to them, cannot now be heard to say that there was no lien on the premises or the estate of homestead. *Henderson v. Bellew,* 45 Ill. 322.

We think the contention of the defendant that the Act of May 15, 1903, Cahill's St. ch. 30, ¶ 45, did not validate the acknowledgment of the trust deed in question must be sustained. We are also of opinion that that act did not authorize the acknowledgment of trust deeds and mortgages before a notary public who was a stockholder and director of a corporation interested in the matter. That act merely validates acknowledgments that had been taken prior to the enactment of the law and it in no way affects acknowledgments made after the passage of the act. This is the obvious meaning of the act. It is entitled, "An Act to legalize acknowledgments of deeds, mortgages and other instruments in writing, heretofore taken by any notary public, justice of the peace or other officer, who may have been a stockholder in any such corporation at the time

of taking such acknowledgment." The title is unambiguous. The purpose of the bill is there plainly stated to be to legalize acknowledgments *"heretofore taken"* and the body of the act conforms to the title. It refers to mortgages, etc., "which have been acknowledged" by a notary public "who was, or may have been at the time of such acknowledgment, a stockholder or officer of such corporation; and all such acknowledgments or proof of such deeds . . . heretofore taken, before any such notaries public . . . are hereby legalized."

This act, Cahill's St. ch. 30, ¶ 45, clearly and unmistakably refers to defective acknowledgments taken prior to its enactment. But counsel for complainant cites the case of *Illinois Tractor Co. v. English,* 235 Ill. App. 462. It was there contended that the trust deed there involved was invalid because the acknowledgment was by a notary public at a time when he was a stockholder and director of the company. The court said (pp. 468–469): "It is sufficient answer to this contention that since the act of May 15, 1903, concerning acknowledgments of instruments to which corporations are parties, before officials and stockholders, such acknowledgments became legalized and were thereafter valid." The court there refers to *Maxwell v. Lincoln & Fifth Ward Building & Loan Ass'n,* 216 Ill. 85, as authority for its holding. In the latter case the mortgage involved was dated December 2, 1895, which was many years before the passage of the act in question, and we think the Appellate Court in the *English* case did not mean to hold that after the passage of the Act of 1903 mortgages thereafter made might be acknowledged before a stockholder and director of an interested corporation.

The decree of the superior court awarding a foreclosure of the trust deed is affirmed.

*Affirmed.*

McSurely and Matchett, JJ., concur.