Homer English, Trustee, Appellant, v. W. B. Leach, Trustee in Bankruptcy of Illinois Tractor Company, Bankrupt, and American Surety Company of New York, Appellees.

Gen. No. 8,358.

384

Heard in this court at the October term, 1929. Opinion filed June 11, 1930.

SIGMUND LIVINGSTON, MORRISSEY & MORRISSEY and LEDERER, LIVINGSTON, KAHN & ADLER, for appellant.

JAMES ROSENTHAL and W. K. BRACKEN, for appellees; HOWARD M. OBERNDORF, of counsel.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case the appellant, Homer English, as trustee, recovered a decree of foreclosure in the circuit court of McLean county against the Illinois Tractor Company, based on the provisions of a trust deed which was made to secure the payment of certain promissory notes. The decree of foreclosure was rendered under the act concerning redemptions which was approved June 11, 1917. The decree therefore pro-

vided that the master in chancery issue a certificate of indebtedness, found to be due by the decree for sale; and such a certificate was issued by the master on the 6th day of January, 1923, to the appellant Homer English as trustee for the use and benefit of the legal holders of the promissory notes referred to for the amounts due them respectively as follows:

William V. Dye, $15,521.36; J. E. Will, $15,967.29; J. E. Will, $15,967.29; Paul F. Biech, $15,521.36; F. W. Schroeder, $15,521.36; John Mann, and George Mann, $15,521.36;

George C. Hepperling, $8,041.78; Colfax Gibbs, $763.93; making a total indebtedness of $102,825.73, with interest at the rate of 6 per cent from the date of the certificate.

The total amount of costs in the circuit court in the foreclosure proceeding, including solicitor's fees which were taxed as costs, was $5,382.70.

The Illinois Tractor Company and W. B. Leach sued out a writ of error to review the foreclosure decree on the 15th day of March, 1924; and on May 29, 1924, plaintiffs in error made application to this court to have the writ of error made a supersedeas and this court ordered that the writ of error be made a supersedeas upon the filing of a supersedeas bond by the plaintiff in error with the American Surety Company of New York as surety, in the penal sum of $7,000; and the bond was accordingly filed and approved. Thereafter on review by this court, the decree of foreclosure was affirmed. *Illinois Tractor Co. v. English,* 235 Ill. App. 462. After a petition for writ of certiorari had been denied by the Supreme Court and the case re-docketed in the circuit court, the master in chancery proceeded to execute the foreclosure decree and advertised the property for sale as provided by the decree and in conformity with the certificate of indebtedness issued by him; and the property was sold by the

master on the 18th day of July, 1925, at public sale for $32,700, leaving a deficiency in the payment of the indebtedness and the costs in the foreclosure suit of $92,231. This suit was thereupon commenced by the appellant as trustee upon the supersedeas bond referred to. In defense of this action, the appellee, American Surety Company of New York, filed two pleas to the declaration herein, namely, *nil debet* and *non damnificatus*.

There was a trial by the court. The court found the issues for the appellant and found the debt to be $7,000, and assessed plaintiff's damages at $1,119.60; judgment was rendered accordingly. This appeal is prosecuted from the judgment.

The errors assigned on appeal to reverse the judgment by the appellant are that the court erred in not finding damages to the full amount of the debt, and that the court erred in its rulings on the propositions of law held by the court. The appellee has assigned as cross errors, that the trial court erred in awarding damages and in rendering judgment for any amount in favor of the appellant; also, that the trial court erred in receiving and considering propositions of law because submission was after the court had announced its decision and judgment in the cause.

The right of recovery urged by the appellant is based upon the following condition embodied in the supersedeas bond: ''Now, the condition of the above obligation is such that if the said Illinois Tractor Company and W. B. Leach, trustee, etc., shall prosecute said writ of error to effect, and answer all damages and costs if they fail to make said plea good, including all damages, if any, to said Homer English, trustee, on account of said supersedeas, then the above obligation to be void, else to remain in full force and virtue.''

It is the contention of the appellee "that the obligee of the supersedeas bond can recover only such losses as he himself may have sustained; and that he cannot recover for any losses which may have been sustained by the various note holders under the trust deed by virtue of the delay occasioned by reason of the supersedeas." The appellant brought this suit as trustee for the use of himself as trustee; and also for the use of the holders of the notes secured by the trust deed, whose rights to satisfaction of the respective claims out of the mortgage property was fixed by the decree of foreclosure. It is clear from the condition embodied in the supersedeas bond hereinbefore set forth, that the appellees bound themselves to answer for all damages and costs if they failed to make good their plea of error, including all damages, if any, to the appellant as trustee. The reasonable construction and the legal effect of the condition appears to be that they answer for all damages and costs which would result in the suit to all the parties for whose benefit the decree was rendered. The writ of error was prosecuted to secure a reversal of the right of recovery and payment obtained by the parties mentioned in the decree. The prosecution of the writ caused them to suffer damages at least by delaying the payment or part payment of the amount due them under the decree. The appellees by the execution and filing of the certiorari bond sued on having secured a stay and delay of the proceedings to carry into effect the foreclosure decree, are estopped to deny their liability as well as the binding obligation fixed by the condition of the bond. *Courson v. Browning,* 78 Ill. 208. The true construction of the condition with reference to the damages to be recovered thereunder is the limitations fixed by the condition itself. *Harding v. Kuessner,* 172 Ill. 125; *People v. Wilson,* 169 Ill. App. 452.

On the question of damages sought to be recovered, evidence was offered by the appellant to show that after the writ of error had issued, there were 300 windows broken on the mortgaged premises; that the electric apparatus including fuse boxes and all copper had been taken out of the building; also, that a storm had torn part of the roof off of the blacksmith shop building; and that water came through a broken skylight and rusted off the heating connections; evidence was also introduced to show that it would cost $526 to replace the windows that were broken; and that the fuse boxes and other matters taken out or destroyed and the electrical apparatus were of the fair value of $750; and that the replacement cost of the heating system which was rusted out would be $500. The appellant claimed the right to have these damages assessed and the right to recover the same under the terms of the supersedeas bond. The damages recoverable are the damages which the appellant suffered as a result of suing out the supersedeas which stayed the proceedings, and the costs which accrued on account of the suing out of the supersedeas. The effect of suing out of the supersedeas was to delay the sale of the premises. If such delay resulted also in the deterioration of the premises or the destruction of parts of the premises to such an extent that the sale value thereof was impaired, or lessened the amount that could be realized for the premises upon the sale thereof, such damages could be recovered under the condition of the bond; but there is no evidence in the record to that effect. We conclude therefore, that the court did not err in refusing to assess these various claims for damages as elements of recovery in this suit. Even if the matters in question could be regarded in the light of waste committed by the trustee, the measure of damages would not be the cost of replacement, but would be the diminished value of the land as security for the

indebtedness. 40 Cy. 534; *Achey v. Hull,* 7 Mich. 423; *McCartney v. Titsworth,* 104 N. Y. S. 45; *First Nat. B. & L. Co. v. Mason,* 185 Mo. App. 37, 171 S. W. 971; *Kimble v. City of Newark,* 91 N. J. L. 249, 102 Atl. 637. As stated in the decision of the trial court, there is no evidence that the market value of the premises in question was in any way affected by reason of the matters complained of; and so far as the record shows, the premises sold for just as much as they would have sold for had the matters complained of not occurred. The trial court held that from the evidence, the damages recoverable were legal interest on the amount of the net proceeds of the sale payable to the respective holders of indebtedness, secured by the trust deed fixed by the decree, the payment of which was delayed for a period of ten months by suing out the supersedeas; and this amounted to the sum of $1,119.60. The appellant concedes that if this interest is the only amount recoverable, then the amount fixed by the court is correct.

The point raised by the appellee on cross errors, namely, that the court erred in passing upon propositions of law, after the court had announced its decision and judgment in the cause, is not available to the appellee, inasmuch as the bill of exceptions certified by the court shows that the propositions of law were presented to the court before its findings and judgment had been entered. We find no reversible error in the propositions of law referred to, as held by the court.

For the reasons stated, judgment is affirmed.

*Affirmed.*