Ralph V. McCreight, Administrator of the Estate of Jasper Beard, Deceased, Complainant, v. John S. Pinkerton et al., Defendants.

First Trust & Savings Bank of Aledo et al., Cross Complainants, v. John S. Pinkerton et al., Cross Defendants.

Gen. No. 8,141.

October term, 1929. Heard in this court at the Opinion filed June 11, 1930. Rehearing denied August 27, 1930.

WATSON & DUVALL, for appellants.

CHURCH & CALIFF, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

Ralph V. McCreight, as administrator of the estate of Jasper Beard, deceased, filed a bill to foreclose a real estate mortgage securing an indebtedness of $4,500, executed by John S. Pinkerton and Laura B. Pinkerton, his wife, on February 25, 1914, but not recorded until October 20, 1926.

The First Trust & Savings Bank of Aledo, the First National Bank of Aledo, and Minnie A. Rankin, holders of notes amounting to $10,000, secured by a mortgage executed by the said Pinkerton and wife, May 1, 1919, and recorded June 21, 1919, filed a cross-

bill to foreclose their mortgage. The question of priority of liens is the principal issue raised.

It is the claim of the original complainant that although his mortgage was not recorded until after cross complainants' mortgage was placed of record, still the cross complainants had notice of the existence of his mortgage lien and cannot deny its priority. John S. Pinkerton was called as a witness and testified that at the time he made his mortgage to the bank, he told the cashier, A. C. Beers, that Jasper Beard, complainant's intestate, had a mortgage for $4,500 on the premises, and that Beers said "All right." Beers testified that no such conversation took place.

The master in chancery made a finding that the First Trust and Savings Bank had no knowledge of the unrecorded mortgage to Jasper Beard at the time the mortgage to the bank was given, and that the lien of the bank's mortgage was prior and preferred to that of the Beard mortgage. Thereafter, without hearing additional testimony or argument, the master changed his findings, and found that the bank did have knowledge of the Beard mortgage at the time its mortgage was given, and that the Beard mortgage is a prior lien to that of the bank. Objections to this report of the master were overruled, and stood as exceptions before the court. On the hearing, the court sustained the last findings of the master, overruled the exceptions of appellants, and entered a decree giving priority of lien to the Beard mortgage. This appeal is prosecuted by the First Trust and Savings Bank of Aledo and Minnie Rankin.

The bank mortgage was acknowledged before the above-mentioned Beers, a notary public, and also the cashier and a stockholder in the bank. It is claimed that the acknowledgment was void, and the mortgage was the same as if it had not been acknowledged. *Ogden Bldg. & Loan Ass'n v. Mensch,* 196 Ill. 554; *Fugman v. Jiri Washington Bldg. Ass'n,* 209 Ill. 176,

are cited in support of this contention. Without regard to the validity of the acknowledgment, the mortgage was good as between the parties, except as to the homestead. (*Ogden Bldg. & Loan Ass'n v. Mensch, supra.*)

The general rule is that where two conveyances of the same land are made, the first one recorded is given priority. (*Delano v. Bennett*, 90 Ill. 533; *Huebsch v. Scheel*, 81 Ill. 281.) But when this rule is invoked, it must appear that the instrument given priority is one which is authorized to be recorded. One of the requisites for recording is that the instrument must be duly acknowledged. (*Choteau v. Jones*, 11 Ill. 300; *Reed v. Kemp*, 16 Ill. 445.) The record of unacknowledged instruments is not available as evidence for any purpose other than to show notice. The object of the recording laws in permitting such unacknowledged instruments to be filed is not to preserve the evidence of title, but to give notice of claim. The record of an unacknowledged deed or mortgage only gives warning which persons dealing with the land must heed. (*Winter v. Dibble*, 251 Ill. 200; *Barnett v. Barnett*, 284 Ill. 580.) The acknowledgment to the bank's mortgage, being regular on its face, was good as constructive notice to subsequent purchasers and creditors. (*Ogden Bldg. Ass'n v. Mensch, supra.*) But it gains no advantage by its recording, except as against subsequent purchasers and creditors. The Beard mortgage was executed prior to the execution of the bank mortgage, and obviously the provision of the statute as to subsequent purchasers and creditors can have no application to it. As to Beard, the mortgage to the bank stood as if it had not been recorded, unless it can be said that the acknowledgment to the bank mortgage is a valid acknowledgment.

It is claimed that it has been made valid by certain validating acts of the legislature. The act of 1903, Cahill's St. ch. 30, ¶ 45, validated all acknowledgments theretofore taken by an officer or

stockholder of a corporation. It is not prospective in its operation. It validated only prior acknowledgments. (*State Bank of Palatine v. Barbaras,* 252 Ill. App. 115.) The validating act of 1929, Cahill's St. ch. 30, ¶ 46(1), likewise validated all such acknowledgments previously taken, and limited its application to immediate parties. It did not attempt to validate an acknowledgment so as to change the vested rights of third parties. (*Steger v. Traveling Men's Bldg. Ass'n,* 208 Ill. 236; *Fugman v. Jiri Washington Bldg. Ass'n,* 209 Ill. 176.) This act could not affect the bank's mortgage until July 1, 1929, the date when the act went into effect. The Beard mortgage was recorded on October 26, 1926 or nearly three years before the validating act of 1929 went into effect. It was therefore prior to the bank's mortgage in point of valid recordation. (*Noakes v. Martin,* 15 Ill. 118; *Deininger v. McConnel,* 41 Ill. 227.)

Appellants were not prejudiced by the fact that the master in chancery changed his findings without additional testimony or further hearing. They were permitted to file objections to the report and the entire cause was heard by the court. On motion of appellee's counsel, certain portions of appellants' objections to the master's report were expunged. No certificate of evidence pertaining to such ruling was taken, and the record preserves nothing for review on that question. (*Williams v. DeRoo,* 316 Ill. 23; *Sinclair v. Sinclair,* 224 Ill. App. 130.)

Whether or not the First Trust and Savings Bank had actual notice of the Beard mortgage at the time the mortgage to the bank was executed, and whether or not the testimony of the witnesses who testified in relation thereto was competent is immaterial in this case. We hold as a matter of law that the lien of the mortgage to Beard is prior and superior to that of the mortgage to the bank. The decree of the chancellor was correct and is affirmed.

*Decree affirmed.*